**LOS ANGELES SHIPBUILDING & DRY-DOCK CORPORATION**

v.

**The UNITED STATES.**

No. 86–55.

United States Court of Claims.

June 5, 1957.

William L. Kumler, Los Angeles, Cal., Arthur S. Deibert and Edward H. Mitchell, Los Angeles, Cal., on the briefs, for plaintiff.

Leland T. Atherton, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the briefs, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

This is an action for the recovery of federal income and excess profits taxes alleged to have been overpaid during the taxable years 1940 and 1941, in the amount of $248,902.42,[1] and improperly withdrawn by the Commissioner of Internal Revenue as credits against plaintiff's taxes for the taxable year 1943.

Defendant makes several arguments to support its motion for judgment on the pleadings, only one of which we feel is necessary for a disposition of the motion, i. e., that the court lacks jurisdiction of the subject matter of this action under 28 U.S.C. § 1500, in that there are pending in another court suits against the United States and an agent thereof with respect to claims which are the same as the ones herein.

The plaintiff, of course, attempts to distinguish the other actions from the one at bar. The taxpayer proceeds in this court on the theory of an account stated between it and the Government which it contends was consummated on March 11, 1949, after a long series of conferences. We will not attempt to decide whether or not there actually existed an account stated since, in the opinion of the court, it is not necessary to the disposition of this motion. However, on the basis of the account stated the plaintiff contends that it is entitled to recover the sum of $248,902.42, which is comprised of alleged overpayments of income taxes in 1940 in the amount of $5,874.81; of alleged overpayments of excess profits taxes in 1940 in the amount of

---

1. The plaintiff in its brief indicates that in its petition it had mistakenly requested the recovery of a sum which the Government had already given it credit for and, therefore, is altering its claim to a demand for the recovery of $248,902.42 from the $299,339.16 claimed in the petition. Plaintiff has not amended its petition in this respect, feeling it is not necessary until this motion is disposed of.

$2,158.09, and of alleged overpayments of income taxes in 1941 in the amount of $240,869.52. According to the alleged account stated, plaintiff contends that this amount was supposed to have been credited against its 1943 taxes but that this credit was never accomplished because of a subsequent repudiation of such alleged account stated by defendant and an alleged improper withdrawal of the credit.

Defendant, however, points to two suits plaintiff has pending in the United States District Court, Southern District of California, Central Division, one against the United States and the other against the District Director of Internal Revenue, alleging that the claims asserted therein are sufficiently similar to the claim in this suit to deny this court jurisdiction under section 1500, Title 28 United States Code.

Without attempting a detailed comparison of the cases in the District Court and the one before this court, we hold that there is a suit pending in another court against the United States with respect to claims which are the same as the one instituted herein by plaintiff.

The plaintiff, in Civil Action No. 16,- 501–HW in the District Court, is suing the Government for the refund of income and excess profits taxes allegedly due it in the total sum of $2,718,035.69. The plaintiff's claims there cover the years 1940, 1941, 1942, 1943 and 1946, each year being treated in a different count of the petition. In that suit, however, the plaintiff's claims were not urged on the basis of an account stated but, rather, they were on the theory of overpayment of taxes alleging erroneous and illegal assessment by defendant. The entire tax situation of the plaintiff for each of the taxable years therein concerned was, therefore, put in issue in that case.

Also, in the District Court, in Civil Action No. 17206–HW, plaintiff has brought suit against the District Director of Internal Revenue for the total sum of $136,776.54, alleging that the Director is personally liable to plaintiff for that amount in that he wrongfully refused to refund to plaintiff overpayments of taxes it is alleged to have made in that amount during the years 1940, 1942, 1943 and 1946, and instead applied the overpayments as credits against taxes defendant alleges were due in subsequent years in which plaintiff alleges nothing was due.

The amounts for which plaintiff seeks recovery in this court, on the basis of an account stated for 1940 and 1941, are entirely included within the plaintiff's claims in one or both of the suits in the District Court. All that plaintiff claims in the present suit is included in Civil Action No. 16,501–HW.

Thus, we have a situation where the plaintiff is prosecuting suits for the *refund of taxes in two different courts for identical tax years,* the only difference being in the amount claimed and the theory under which plaintiff proceeds.

Plaintiff attempts to distinguish those actions from this one by pointing out that to recover in the District Court, it must, among other things, prove the proper amount of its taxable net income by proof of the correctness of its treatment of a vast number of items of income and expense, including the effect of net operating loss carryovers and carrybacks for a period of some five taxable years; prove the fair market value of many assets acquired by plaintiff in a tax-free insolvency reorganization in 1939, and prove invested capital for excess profits tax purposes. It continues that it would also have to prove that timely refund claims were filed covering the grounds and facts upon which plaintiff relies and that such claims were rejected by the Commissioner.

By way of contrast, the plaintiff points out that in this court plaintiff would only have to prove that an extended and bona fide controversy existed between the Commissioner of Internal Revenue and plaintiff, and that the many differences between the parties were resolved in an agreement which plaintiff says legally constituted an account stated.

The court concedes that for plaintiff to prove its case in the respective courts, on the theories pursued, it would probably have to submit proof of the nature indicated, to some extent at least, but, nevertheless, the issue in both cases is whether plaintiff overpaid its taxes in the years 1940, 1941 and 1943. The *claim* in this court and in the District Court is for the refund of taxes in those years and it is immaterial that plaintiff's suits in the District Court also put in issue the additional tax years 1942 and 1946.

We are of the opinion that the plaintiff is incorrect and proceeds under a misapprehension when it says that the " * * * claim [of account stated] is not before the District Court at all * * *." Plaintiff would more accurately state the situation if it said it has not put the *theory* of account stated before the District Court. The *claim* involved is for the refund of taxes and that claim is before both courts. The theory advanced to sustain the *claim* is quite another matter and not determinative of the jurisdiction of this court.

Although the claims being prosecuted by plaintiff in the District Court include other taxable years (Civil Action No. 16,501–HW) they also include the same claims being urged in this court, that is, they both claim refund of taxes which became due as the result of overpayments of taxes during the years 1940, 1941 and 1943. The only difference between the suits in the two courts as to those tax years is in the amount claimed and the theory of recovery pursued by the plaintiff.

The plaintiff could have pursued its claim on the theory of account stated alternatively to its other theories of recovery in the District Court or in the Court of Claims. Either course of action was available to plaintiff. It made its choice of the tribunal desired, the District Court, and therefore cannot now be heard in this court.

We conclude, therefore, that on the basis of 28 U.S.C. § 1500, this court is without jurisdiction to hear the case.

Defendant's motion for judgment on the pleadings is granted and plaintiff's petition is dismissed.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.