## F. ALDERETE GENERAL CONTRACTORS, INC.

v.

## The UNITED STATES.

### No. 142–83C.

United States Claims Court.

April 1, 1983.

Raymond C. Caballero, El Paso, Tex., for plaintiff; Thomas A. Spieczny, El Paso, Tex., of counsel.

Mark A. Cymrot, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendant; Carolyn Lynch, U.S. Army Corps of Engineers, Washington, D.C., of counsel.

## OPINION

MEROW, Judge:

This matter comes before the Claims Court on plaintiff's Application For Temporary Restraining Order, filed March 25, 1983, and plaintiff's motion to remand to the District Court, filed March 30, 1983, together with defendant's opposition thereto.

A hearing on these matters was held by conference telephone call on March 31, 1983.

*Background Facts*

This litigation had its genesis in a "Motion for Contempt, Application for Enforcement of Judgment, and for Further Relief" filed on January 21, 1983, by plaintiff in the United States District Court for the Western District of Texas. On December 15, 1981, that court had issued a permanent injunction which required, in relevant part, that the U.S. Army Corps of Engineers offer the Keystone Dam Outlet Conduit Project (Keystone Project), in El Paso, Texas, to the Small Business Administration (SBA) under the program established pursuant to Section 8(a) of the Small Business Act, 15 U.S.C. Sec. 637.

Following the entry of this injunction, the Corps of Engineers offered the Keystone Project to the SBA and in June of 1982 plaintiff was selected for this procurement. The ensuing negotiations between plaintiff and the Corps were not successfully concluded and the Corps, after advising SBA, then removed the project from the Section 8(a) program and, on January 14, 1983, issued an invitation for bids which was unrestricted. Plaintiff responded with the above-mentioned motion for contempt, etc., filed January 21, 1983.

On February 19, 1983, the District Court entered an order holding the Corps in civil contempt for its decision to let the Keystone Project procurement on an unrestricted basis. However, the court also granted the Corps permission to seek relief from the permanent injunction previously entered and permission to proceed with the bid opening then scheduled, provided that no award would be issued until the court ruled upon an application for relief from the injunction.

By an order, filed March 9, 1983, the District Court reconsidered the order of February 19, 1983, and ruled that the Corps' decision " * * * does not constitute contempt of this court's permanent injunction

issued on December 15, 1981." The court also ruled that " * * * the Corps may issue an award pursuant to said bid opening." Finally, the court ruled that the events set forth by plaintiff " * * * constitute a new cause of action and as to that cause of action jurisdiction lies in the United States Claims Court pursuant to 28 U.S.C. 1491." Accordingly, the District Court transferred the case to this court. Thereafter, the Corps awarded the contract and issued a notice to proceed with the construction.

By its Complaint and Application For Temporary Restraining Order Preliminary Injunction and Permanent Injunction, filed on March 25, 1983, plaintiff seeks equitable relief enjoining construction work, placing the Keystone Project back into the SBA Section 8(a) program and providing for either an award to plaintiff or an order that negotiations to this end be reconvened.

Following receipt of a copy of the recent decision of the United States Court of Appeals for the Federal Circuit in *United States v. John C. Grimberg Co.,* 702 F.2d 1362 (Fed. Cir. 1983) plaintiff now moves that the case be remanded [transferred] to the District Court.

Defendant opposes any transfer to the District Court, asserting that the Claims Court has the exclusive power to grant equitable relief in this matter, but that no such relief should be granted on the facts present in this procurement action.

### Discussion

The first question which must be resolved is whether this court has the power to grant the equitable relief sought by plaintiff.

As a transferred case, this matter " * * * shall proceed as if it had been filed in * * * the court to which it is transferred on the date upon which it was actually filed in * * the court from which it is transferred." 28 U.S.C. Sec. 1631. Plaintiff commenced this action on January 21, 1983, before the Corps awarded the Keystone Project contract.

Section 133(a)(3) of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, 40 (1982) (Act) provides (in part):

(3) To afford complete relief on any contract claim brought before the contract is awarded, the court [United States Claims Court] shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. * * *

In *United States v. John C. Grimberg Co., supra,* the United States Court of Appeals for the Federal Circuit has recently issued an extensive opinion covering the extent of the equitable powers afforded to the Claims Court under 28 U.S.C. Sec. 1491(a)(3). The Appeals considered in *Grimberg* covered procurements where the claims were brought after the contract was awarded and the court ruled that the equitable power granted in 28 U.S.C. Sec. 1491(a)(3) is limited to cases in which complaints are filed in the Claims Court before the involved contracts have been awarded. (At p. 1374.)

Accordingly, the ruling in *Grimberg* is not directly applicable to the instant case. In the order transferring this case to the Claims Court the District Court permitted the Keystone Project contract to be awarded and it was promptly awarded. Thus, we now have the question whether the Claims Court can exercise equitable power in the post-award stage of the procurement process if the claim is brought in the pre-award stage.

In this regard the *Grimberg* opinion contains substantial language of relevance as follows:

\*　　\*　　\*　　\*　　\*　　\*

Similarly, the use of 'claim' in (a)(3) itself, read in context, requires that the equitable powers of the Claims Court be limited to the pre-award stage. [At p. 1367.]

\*　　\*　　\*　　\*　　\*　　\*

Congress was granting equitable powers and limiting their exercise to a particular stage in the government procurement

process, i.e., the pre-award stage. [At p. 1367.]

\* \* \* \* \* \*

In essence, Congress intended to limit exercise of equitable powers by the Claims Court to the pre-award stage \* \* and to avoid the exercise of those powers by that court in the post-award, administration stage. [At p. 1369.]

\* \* \* \* \* \*

In contrast, the present interpretation permits judicial interference by the Claims Court only at the pre-award state of the contracting process, and avoids such interference in the administration of awarded contracts. [At p. 1371.]

\* \* \* \* \* \*

The court obviously could not 'enjoin the award' of contracts already awarded. Nor would a declaratory judgment be appropriate after award. There is nothing anywhere in the legislative history referring to any power in the Claims Court to undo or vacate an awarded contract by way of mandatory injunction or otherwise. [At p. 1372.]

\* \* \* \* \* \*

Because the statute and its legislative history leave no doubt that Congress intended the equitable power of the Claims Court to be exercised only before an award is made, that power can be invoked only by filing a claim with the court before a contract is awarded, \* \* \*. [At p. 1372.]

\* \* \* \* \* \*

Having accompanied the grant of limited equitable power to the Claims Court with the mandate that it be exercised 'before a contract is awarded' and with 'due regard to the interests of national defense and national security', Sec. 1491(a)(3), *supra* note 4, Congress did not disregard the needs of the government procurement system. Nor may we. \* \* \* [At pp. 1372–1373.]

As noted above, the Federal Circuit has construed the 28 U.S.C. Sec. 1491(a)(3) requirement of filing the claim prior to award as so worded, "[b]ecause the statute and its legislative history leave no doubt that Congress intended the equitable power of the Claims Court to be exercised only before an award is made, \* \* \*." The dichotomy established for the exercise of Claims Court equitable power is between pre-award and post-award stages of the procurement process. It would be inconsistent with the logic expressed in the Federal Circuit's decision for the Claims Court to have the power to interfere with the post-award administration of contracts, in a circumstance where the claim is filed prior to award, when the reason expressed for requiring such pre-award filings is to preclude the Claims Court from interfering in the administration of awarded contracts.

Accordingly, in reliance upon the basis expressed for the ruling in *Grimberg,* it is concluded that the Claims Court cannot appropriately exercise the equitable powers set forth in 28 U.S.C. Sec. 1491(a)(3) beyond the pre-award stage of the procurement process.

Plaintiff requests that this case be transferred back to the District Court. Defendant opposes such a transfer relying on the "exclusive" language of 28 U.S.C. Sec. 1491(a)(3) as precluding District Court action in this pre-award case. As discussed in *Grimberg* (At pp. 1374–1377) the District Court's jurisdiction in cases where the contract has not been awarded is an open question and one which need not be reached in this matter. Because it is concluded that this court lacks the power to grant the equitable relief plaintiff seeks in this post-award stage of the procurement, plaintiff's complaint will be dismissed. This result will leave plaintiff free to institute whatever post-award action in the District Court it deems to be appropriate, which action will not then be encumbered with the issue of 28 U.S.C. Sec. 1491(a)(3) "exclusivity" which would be present were this "pre-award" action (now in the post-award stage) to be

transferred to the District Court under 28 U.S.C. Sec. 1631.

*Conclusion*

For the foregoing reasons a final judgment shall be entered dismissing plaintiff's complaint, filed March 25, 1983, without prejudice, as it seeks equitable relief beyond

the powers granted to the Claims Court under 28 U.S.C. Sec. 1491(a)(3).[1]

---

1. In the complaint, filed March 25, 1983, plaintiff indicates a possible intention to seek a monetary recovery for bid preparation expenses. Under 28 U.S.C. Sec. 1346(a)(2), 1491(a)(1) a District Court may not have jurisdiction over any such monetary claim against the United States. This would be the case if such a claim is subject to Sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978, or is in an amount in excess of $10,000. *See Keco Industries Inc. v. United States,* 203 Ct.Cl. 566, 492 F.2d 1200 (1974); *Hi-Tech Electronics Corp.,* ASBCA No. 25968, 81–2 B.C.A. Para. 15360. Accordingly, this dismissal is without prejudice to the filing of such a monetary claim in an appropriate tribunal should plaintiff so determine to proceed.