**BIG BUD TRACTORS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 650–82C.**

United States Claims Court.

April 8, 1983.

David W. James, Jr., with whom was E. Grey Lewis, Washington, D.C., of counsel, for plaintiff.

George M. Beasley, III, with whom were Asst. Atty. Gen. J. Paul McGrath, David M. Cohen and Major Kevin Flanagan, Washington, D.C., of counsel, for defendant.

Alan M. Wiseman, with whom were David C. Murchison, Kenneth E. Krosin, Lewis M. Barr, Washington, D.C., and Steven C. Hoffman, Peoria, Ill., of counsel, for third-party Caterpillar Tractor Co.

## ORDER

KOZINSKI, Chief Judge.

On March 22, 1983, Judge Wood filed an opinion in this case denying plaintiff's petition for injunctive and declaratory relief, granting defendant's motion for summary judgment, and ordering dismissal of the complaint. *Big Bud Tractors, Inc. v. United States,* 2 Cl.Ct. 188 (1983). Plaintiff appealed on March 28, 1983. On March 31, 1983, plaintiff filed a Motion for Injunction Pending Appeal and on April 6, 1983, it filed a Motion For Relief from the March 22 judgment pursuant to RUSCC 60(b). These motions were referred to me for decision. *See* RUSCC 77.1(a).

On March 30, 1983, one day prior to the filing of the motion for an injunction pending appeal, defendant awarded a contract pursuant to the request for proposals involved in this case. This court has recently ruled that once a contract is awarded, the court's power to grant injunctive relief ceases, even if the suit was filed prior to award. *F. Alderete General Contractors, Inc. v. United States,* 2 Cl.Ct. 184 (1983) (MEROW, J.), *citing United States v. John C. Grimberg Co.,* 702 F.2d 1362 (C.A. Fed.1983). Absent a compelling reason to the contrary, I propose to follow the considered decisions of other judges of this court. *See Greenberg v. United States,* 1 Cl.Ct. 406 (1983) (KOZINSKI, C.J.).

 An injunction pending appeal is an exercise of the court's equitable power. In contract award cases, this court's equitable authority stems entirely from 28 U.S.C. § 1491(a)(3). According to *Alderete,* once the contract is awarded, that power ceases to exist and the court lacks authority to enjoin performance of the contract. *See also Grimberg,* at 1372. Under *Alderete,* the court concludes that its power to enter equitable relief in this case ceased as of March 30, 1983, and plaintiff's subsequently-filed motion for an injunction must be denied as outside the scope of our authority. The motion for relief from judgment must be denied on similar grounds. Vacating the March 22 judgment (even if doing so were otherwise warranted) would be a futile gesture since no judgment could thereafter be entered which would give plaintiff the injunction it seeks.

## CONCLUSION

Both the motion for injunction pending appeal and the motion for relief from judgment are denied.