**KINETIC STRUCTURES CORPORATION**

v.

**The UNITED STATES.**

No. 339-82C.

United States Claims Court.

April 29, 1983.

Tunney Lee King, Columbus, Ohio, for plaintiff.

Lori F. Fischler, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

OPINION

YOCK, Judge:

This case comes before the Court on plaintiff's complaint for declaratory or injunctive relief plus bid preparation costs in two separate contract actions, and defendant's motion to dismiss for lack of subject matter jurisdiction.

Because this Court lacks jurisdiction over post-award complaints for bid protest equitable relief, the defendant's motion to dismiss will be granted as to plaintiff's first cause of action in its first amended complaint. The Court retains jurisdiction over

the plaintiff's second and third causes of action contained therein as hereafter set forth.

### Facts [1]

On February 5, 1981, the Defense Logistic Agency (DLA), solicited bids on contract No. DLA 710–81–D–0006 for the reconditioning and "electro-velvet coating" of certain Government-owned banker-type partitions. On or about March 1, 1981, the plaintiff, Kinetic Structures Corporation, submitted a bid in compliance with the requirements of the solicitation. On April 1, 1981, DLA awarded said contract to J & B Painting Company, Inc. Plaintiff protested the award of the contract to the Contracting Officer on the basis that J & B was not an eligible contractor, and that plaintiff, as second low bidder, should be awarded the contract. On April 22, 1981, the Contracting Officer denied the protest.

Additionally, on or about August 20, 1981, the plaintiff submitted a bid pursuant to a second solicitation DLA 710–81–B–0048. Plaintiff's bid was the lowest, but subsequently on September 23 and 25, 1981, the Contracting Officer cancelled the solicitation because there was a failure to conform to essential requirements and also because the price submitted was unreasonably high.

In December 1981, the plaintiff filed suit in the United States District Court for the Southern District of Ohio, Eastern District. On July 26, 1982, the District Court dismissed the suit for lack of subject matter jurisdiction. The District Court stated: "that construing 'contractor' broadly [in the Contract Disputes Act] to include unsuccessful bidders will enable the parties to pursue this claim before the Court with the greatest expertise on the issues here presented [referring to the U.S. Court of Claims] * * *."

On July 12, 1982, the plaintiff filed its petition in the Court of Claims seeking recovery under three causes of action. In the first cause of action, the plaintiff requests that the Court set aside the award of the 0006 contract and award the contract to the plaintiff. Under its second cause of action, the plaintiff contends that the cancellation of solicitation 0048 should be set aside and that the contract should be awarded to the plaintiff. Under its third cause of action, the plaintiff seeks bid preparation costs for the two unsuccessful contract bids.

On December 17, 1982, the plaintiff filed its first amended petition which basically reiterated its first, second, and third causes of action described above. On October 12, 1982, the defendant filed a motion to dismiss contending that the Claims Court lacks jurisdiction over the subject matter of this claim.[2]

### Discussion

■ In the plaintiff's first cause of action, the contract was clearly awarded prior to the complaint being filed; consequently, the Court lacks jurisdiction over this matter. This Court lacks jurisdiction to address claims for equitable relief in cases brought after a contract has been awarded. *United States v. John C. Grimberg Co.,* 702 F.2d 1362 (C.A.Fed.1983); *see also, F. Alderete General Contractors, Inc. v. United States,* 2 Cl.Ct. 184, 185 (1983) (MEROW, J.); *Big Bud Tractors, Inc. v. United States,* 2 Cl.Ct. 195, 196 (1983) (KOZINSKI, C.J.). This portion of the plaintiff's complaint will therefore be dismissed.

■ In its second cause of action, the plaintiff is again seeking equitable relief which would reinstate a cancelled solicitation. No contract award has been made in this matter, hence, it is a pre-award claim. Consequently, this Court does have jurisdiction over this claim. *See United States v. John C. Grimberg Co., supra.*

■ The fact that the plaintiff filed its claim in July 1982, before this Court re-

---

1. For the purpose of deciding defendant's Motion to Dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true.

2. Defendant concedes, as it must, that this Court has jurisdiction over complaints for bid preparation costs. *Keco Industries, Inc. v. United States,* 192 Ct.Cl. 773, 428 F.2d 1233 (1970); *Heyer Products Co. v. United States,* 135 Ct.Cl. 63, 140 F.Supp. 409 (1956); *see also Keco Industries, Inc. v. United States,* 203 Ct.Cl. 566, 492 F.2d 1200 (1974).

ceived equitable powers, is not a satisfactory reason to dismiss for want of jurisdiction because it is clear that "[w]hen decisional or statutory law is altered, the new, existing law controls pending cases * * *." *Brooks v. Wainwright,* 439 F.Supp. 1335, 1338 (M.D.Fla.1977). Moreover, "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Board of the City of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *United States v. Fresno Unified School District,* 592 F.2d 1088, 1093 (9th Cir.), *cert. denied,* 444 U.S. 832, 100 S.Ct. 62, 62 L.Ed.2d 41 (1979). Additionally, it must be noted that "a statutory expansion of jurisdiction suffices to vest power in federal courts to adjudicate cases which arose prior to enactment of the jurisdictional statute." *Garrett v. Bamford,* 582 F.2d 810, 817 (3d Cir.1978); *see also United States v. Alabama,* 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982 (1960).

This case was pending before the Trial Division of the old Court of Claims when filed in July 1982 and pursuant to section 403(d) of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, was automatically transferred to the U.S. Claims Court for its determination on October 1, 1982. Section 133(a) of the same Act expanded the equitable powers of the U.S. Claims Court to include the very relief the plaintiff now seeks. Under these circumstances, surely Congress intended that the new Claims Court deal with the new and the transferred cases in the same consistent manner and in accordance with its newly expanded legislative authority.

It would seem highly technical to deny the plaintiff the right to be heard on the merits simply because it filed its complaint prematurely. This is especially so since the plaintiff could undoubtedly cure the alleged defect by voluntarily dismissing the action and simply refiling its complaint. It is not-

ed in this connection that the plaintiff did amend his complaint on December 17, 1982, after the October 1, 1982 effective date of the Act.

In view of the above discussion, this Court will retain jurisdiction over the plaintiff's second cause of action seeking equitable relief, and deny the defendant's motion to dismiss.[3]

As already indicated, the plaintiff's third cause of action for bid preparation costs is clearly within the Court's jurisdiction and the defendant has so conceded.

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss the plaintiff's first cause of action in its first amended petition is granted. Plaintiff's first cause of action is to be dismissed without prejudice to renewal in an appropriate forum. Defendant's motion to dismiss the plaintiff's second cause of action in its first amended petition is denied. The Court, therefore, retains jurisdiction over the plaintiff's second and third causes of action in this case. The parties are ordered to proceed with this matter according to the Rules of this Court.

---

3. While retaining equitable jurisdiction in plaintiff's second cause of action, this Court specifically makes no comment as to the merits of the plaintiff's contentions.