ATL, INC.

v.

The UNITED STATES.

No. 442–83C.

United States Claims Court.

July 18, 1983.

Herman M. Braude, Washington, D.C., for plaintiff; Gerson B. Kramer, Douglas L. Patin and Braude, Margulies, Sacks & Rephan, Chartered, Washington, D.C., of counsel.

Lenore C. Garon, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION AND ORDER ON PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION

PHILIP R. MILLER, Judge:

In its opinion and order filed July 12, 1983, the court denied plaintiff's motion for a temporary restraining order but set the case for trial on Monday, July 18, 1983,

to afford plaintiff an opportunity to prove, if it can, that the Navy's delays in acting on the awards on the four solicitations on which plaintiff is the lowest bidder is a prolonged *de facto* debarment or suspension of plaintiff by the Navy from all contracts without compliance with the applicable regulations and without notice of stigmatizing charges or opportunity to respond to them.

However, shortly prior to trial, by letters dated Thursday, July 15 the Chief of Naval Material formally notified the plaintiff's principal officers that the Navy "is suspending you and your companies * * * from contracting with any agency in the executive branch of the Federal Government." Although the letters stated the suspension was "based on adequate evidence" of serious irregularities in plaintiff's performance of prior contracts, it also stated that "[p]ending completion of the ongoing investigation" and ensuing legal proceedings contracts would not be awarded to plaintiff.

On the same day, or the day after the issuance of such notice, the Navy awarded contracts on 3 of the four solicitations to bidders other than plaintiff. No representations have been made by defendant that after delays of up to 4½ months the immediate award of such contracts became a matter of great urgency or affected the interests of national defense and national security. In fact, plaintiff alleges and defendant does not deny that the bidders generally, at the government's solicitation, had previously extended the acceptance period for their bids to July 31, 1983. At the prior hearing defendant alleged that the delays in making the awards were attributable to the ongoing exchanges of correspondence necessary to complete the pre-award responsibility surveys which were taking considerable time. However, defendant now concedes that no such delays were necessary for the bidders given the awards—in fact their surveys were made prior to the decision to reject plaintiffs bids.

Attached to plaintiff's complaint are documents indicating that plaintiff is an experienced government contractor and has suc-

cessfully completed several multi-million dollar projects for the Navy, as well as other contracts for the Air Force and Army. In addition, there is attached a letter dated July 16, 1981, from Navy Captain R.D. Eber, Officer in Charge of Construction, Naval Facilities Engineering Command, Pearl Harbor, Hawaii which states in pertinent part:

> It is with pleasure that I present you with Letter of Appreciation for your outstanding performance in the execution of this contract.

> Through your diligent efforts the project was completed six months ahead of schedule with no sacrifice in the quality of workmanship. The quality of the finished construction exceeded the normal standards for the housing industry. Particularly noteworthy was the excellent spirit of cooperation by your superintendent, Mr. Bob King, under the very demanding circumstances of working in an occupied family housing area.

> I therefore wish to take this opportunity to convey to you my sincere personal thanks for a job well done.

I find that the circumstances give rise to a reasonable inference that the Navy's delays in failing to act on plaintiff's bid, either by awarding to plaintiff the 4 contracts or by rejecting them and referring them to the Small Business Administration for review, prior to issuance of the formal notice of suspension were not due to the Navy's continuing efforts to satisfy itself as to plaintiff's competency and responsibility in performing the work, but represented a method of *de facto* suspension or debarment of plaintiff prior to the time when the Navy had adequate evidence to support such action.

Such conduct by the Navy, if borne out by the evidence at trial, would be contrary to ASPR § 1–605 (32 C.F.R. (1982)) which requires suspension of a bidder to be based on adequate evidence and an opportunity to a bidder for a hearing or otherwise to respond to the charges within a reasonable time, and such conduct may also be in violation of plaintiff's rights under the Fifth Amendment to the Constitution. See cases cited in original opinion filed July 12, 1983.

I find that the plaintiff has no adequate remedy at law and will be irreparably harmed if a preliminary injunction is not issued to maintain the status quo while the pertinent facts are being determined. Defendant concedes that government contracts are the mainstay of plaintiff's business. Monetary damages, limited to bid preparation costs, would be inadequate to compensate plaintiff for the loss of such contracts if it is successful on the merits. *United States v. Grimberg Co., & Schlosser Co.,* 702 F.2d 1362, 1367 (Fed.Cir.1983); *Keco Co. v. United States,* 192 Ct.Cl. 773, 428 F.2d 1233 (1970).

I find that the injury to plaintiff which would result from the failure to issue this preliminary injunction would outweigh any demonstrated injury to the United States from the issuance thereof. As indicated, defendant does not allege any substantial adverse effect to the national defense or national security by such order. I further find that such order is necessary to enable the court to afford to a low bidder the complete relief which 28 U.S.C. § 1491(a)(3) prescribes in connection with a contract claim under the circumstances herein. And I further find that issuance of order is in the public interest.

█ In two decisions this court has ruled that it has no jurisdiction to enjoin the performance of a contract, even though the complaint was brought prior to the time the contract was awarded. *F. Alderete General Contractors v. United States,* 2 Cl.Ct. 184 (1983) (Merow, J.) and *Big Bud Tractors, Inc. v. United States,* 2 Cl.Ct. 195 (1983) (Kozinski, C.J.). However, I find more persuasive the reasoning in *Dean Forwarding Co. v. United States,* 2 Cl.Ct. 559 (1983) (Harkins, J.), which holds that once jurisdiction has attached by suit for injunction brought before the award, the court's authority to grant complete equitable relief is not defeated by the award. Moreover on June 10, 1983, a document was filed with this court in *F. Alderete General Contractors, Inc.* which states that the government

now concedes that the court retains jurisdiction. In addition, defendant has so conceded in the instant case. And see also *Tecon Engineers v. United States,* 170 Ct.Cl. 389, 343 F.2d 943 (1965), cert. denied 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966), in which the Court of Claims held that a party by its own action may not unilaterally oust the court of its jurisdiction, once such jurisdiction has properly attached.

Wherefore, IT IS ORDERED that:

1. Defendant, by and through the Department of the Navy, and its officers, agents, and employees are enjoined and restrained from awarding the following solicitations to any entity:

    (a) IFB No. N62471–81–B–1458 (Electrical Power Improvements);

    (b) IFB No. N62471–81–B–1481 (Repair of Supply Wharf K–9);

    (c) IFB No. N62471–81–B–1528 (Demolition of Third Floor and Roofing of Second Floor, Building 474);

    (d) IFB No. N62471–80–B–1452 (Modernization of Hale Moku Housing);

However, in the event that any of the above-referenced solicitations have been awarded to an entity prior to the issuance of this order or the communication of this order to the proper contracting officials, defendant, by and through the Department of the Navy, and its officers, agents, and employees are enjoined and restrained from directing or permitting performance of any work under any contract awarded pursuant to any of the four above-referenced solicitations.

3. A trial on the merits of this case will begin on Tuesday, at 10:00 a.m., July 19, 1983.

4. This preliminary injunction will automatically expire upon the filing of an opinion and judgment on the merits by the court.

5. Defendant's motion to dismiss for lack of jurisdiction is DENIED.

6. This order is conditioned on plaintiff posting a bond, no later than 4:00 p.m. on July 19, 1983, in the amount of $50,000, or providing a surety who will furnish a bond in the same amount, subject to the approval of the clerk of this court.

7. Counsel for defendant shall communicate as soon as reasonably possible the contents of this order to the proper Navy contracting officials of the above-referenced solicitations and shall forward to them a copy of this order.