COWEN, Senior Circuit Judge.
 

 The appellant, F. Alderete General Contractors, Inc. (Alderete or contractor), appeals from a decision of the United States Claims Court
 
 [1]
 
 (Claims Court) which held that it lacked the power under 28 U.S.C. § 1491(a)(3) to grant injunctive and other equitable relief under the circumstances.
 

 The contractor first filed his suit for equitable relief in a district court, which transferred the case to the Claims Court. The contract was awarded after the transfer but before the Claims Court could rule on the merits of the application. Holding that it could not exercise the equitable powers granted by the statute beyond the pre-award stage of the procurement process, the Claims Court dismissed the contractor’s complaint. We
 
 reverse and remand
 
 for further proceedings.
 

 Background
 

 On January 21, 1983, Alderete filed a “Motion for Contempt, Application for Enforcement of Judgment, and for Further Relief” in the United States District Court for the Western District of Texas (District Court) on December 15, 1981. Prior to the filing of the motion, that court had issued a permanent injunction which required that the U.S. Army Corps of Engineers (Corps) offer the Keystone Project in El Paso, Texas, to the Small Business Administration (SBA) under the program established pursuant to Section 8(a) of the Small Business Act, 15 U.S.C. § 637.
 

 Following the issuance of the injunction, the Corps offered the Keystone Project to the SBA, and in June 1982, Alderete was selected for this procurement. The ensuing negotiations between Alderete and the Corps were not successfully concluded and the Corps, after advising SBA, then removed the project from the Section 8(a) program. On January 14, 1983, an unrestricted invitation for bids was issued. Al-derete responded with the motion it filed on January 21, 1983, referred to above.
 

 On February 19, 1983, the District Court entered an order holding the Corps in civil contempt for its decision to let the Keystone Project procurement on an unrestricted basis. However, the court also granted the Corps permission to seek relief from the injunction previously entered and to pro
 
 *1478
 
 ceed with the bid opening then scheduled, provided that no award would be issued until the court ruled upon an application for relief from the injunction.
 

 By order filed March 9, 1983, the District Court reconsidered its order of February 19, 1983, and ruled that the Corps’ decision to relet the contract on an unrestricted basis did not constitute contempt of the injunction which was issued December 15, 1981. The court also ruled that “the Corps may issue an award pursuant to said bid opening.” However, the court also found that the events which Alderete had complained of in its motion of January 21,1983, constituted a “new cause of action and as to that cause of action jurisdiction lies in the United States Claims Court pursuant to 28 U.S.C. 1491.” Accordingly, the District Court transferred the case to the Claims Court by order of March 9, 1983.
 

 On the following day, March 10,1983, the Corps awarded the contract to Burns Construction Company, Inc.
 

 On March 25,1983, pursuant to the transfer order, Alderete filed in the Claims Court its Complaint And Application For Temporary Restraining Order Preliminary Injunction And Permanent Injunction, seeking equitable relief enjoining construction work, placing the Keystone Project back into the SBA Section 8(a) program and providing for either an award to Alderete or an order that negotiations to this end be reconvened. In the Claims Court, Alderete filed a motion to remand the case back to the District Court, but the Government argued that the Claims Court had jurisdiction to grant in-junctive relief despite the award of the contract. Subsequently Alderete took the position that if the case was not remanded to the District Court, the Claims Court should grant the temporary restraining order which had been applied for. The Claims Court treated the Alderete motion for remand as if it were a request in the alternative for a transfer to the District Court or for the issuance of a temporary restraining order.
 

 The Claims Court decided that our recent decision in
 
 United States v. John G. Grimberg Co.,
 
 702 F.2d 1362 (Fed.Cir.1983) was not directly applicable. However, the court quoted language from that decision which it felt was relevant, and held that its power to grant injunctive relief was limited to the pre-award stage of the contract. In dismissing Alderete’s cause, the Claims Court stated that its result would leave Alderete “free to institute whatever post-award action in the District Court it deems to be appropriate, which action will not then be encumbered with the issue of 28 U.S.C. Sec. 1491(a)(3) ‘exclusivity’ which would be present were this ‘pre-award’ action (now in the post-award stage) to be transferred to the District Court under 28 U.S.C. Sec. 1631.”
 

 Alderete filed a timely appeal and the Government has filed a brief in which it joins Alderete in urging that the Claims Court has power to grant the equitable relief requested. Since the issue of the Claims Court’s jurisdiction was fully argued and considered below, it is appropriate for this court to decide the question.
 

 Analysis
 

 1.
 

 A decision on the issue presented in this appeal requires an interpretation of 28 U.S.C. § 1491(a)(3)
 
 [2]
 
 and an assessment of the breadth of this court’s holding in
 
 Grim-berg, supra.
 
 The case has some unusual aspects.
 

 The suit for equitable relief was first filed in the District Court, which recognized that it lacked jurisdiction, and transferred the case to the Claims Court. One day after the transfer was ordered (before the Claims Court was aware that the case was coming its way), the contracting officer awarded the disputed contract to another contractor.
 

 
 *1479
 
 Appellant and the Government are united in the view that the Claims Court has jurisdiction and both urge reversal.
 

 The Claims Court is divided on the issue. The decision below was followed by Chief Judge Kozinski without discussion in
 
 Big Bud Tractors, Inc.
 
 v.
 
 United States, 2
 
 Cl.Ct. 195 (1983).
 

 In
 
 Dean Forwarding Company, Inc. v. United States, 2
 
 Cl.Ct. 559 (1983), Judge Harkins opined that the decision is erroneous. He emphasized that the contract language “brought before the contract is awarded” accords with the standard rule and negates any construction that would have Congress intend the provision to read as though it said “brought and decided before the contract is awarded.” In
 
 Systems Architects, Inc. v. United States, 2
 
 Cl.Ct. 456, n. 8 (1983), Judge Nettesheim also noted her disagreement with
 
 Alderete
 
 and stated that since the claim had been filed before the contract was awarded,
 
 Grimberg
 
 did not mandate a dismissal.
 

 We are aware of the advantage which an appellate court has in resolving an issue where the ground has been well plowed in the conflicting decisions of a lower court. Utilizing this advantage, we are persuaded that Judge Harkins’ interpretation of the statute is correct and that the Claims Court has jurisdiction. This conclusion is based in part upon the reasons stated in Judge Harkins’ opinion and in part on grounds set forth in the briefs of the parties.
 

 2.
 

 We acknowledge, as we must, that Judge Merow’s decision is supported by the dicta from
 
 Grimberg
 
 quoted in his opinion.
 
 [3]
 
 However, the issue in
 
 Grimberg
 
 was whether the Claims Court had power to enter injunctive relief in suits filed
 
 after
 
 the contract was awarded, and the statements relied on by Judge Merow were entirely unnecessary to decide that question. The court’s basic holding was as follows:
 

 1.
 
 Jurisdiction
 

 We hold that exercise of the equitable power granted the Claims Court in 28 U.S.C. § 1491(a)(3) (amended 1982) is limited to cases in which complaints are filed in the Claims Court before the involved contracts have been awarded, and the Claims Court therefore lacked jurisdiction to hear and determine the present demand for equitable relief filed after the involved contracts were awarded. 702 F.2d at 1374.
 

 Therefore, the broad dicta quoted by Judge Merow do not mandate the result he reached; the statements should be read in the light of the court’s central holding and the controlling fact in that case, namely, that the suit was not brought until after the contract had been awarded.
 

 3.
 

 The transfer statute, 28 U.S.C. § 1631, provides in substance that a transferred case shall proceed as if it had been filed in the court to which it is transferred on the date on which it was actually filed in the court from which it was transferred. The legislative history of this section shows the clear intent of Congress to protect litigants if actions are mistakenly filed in the wrong court. S.Rep. No. 97-275, 97th Cong., 2nd Sess. (1981), U.S.Code Cong. & Admin.News 1981, pp. 11, 21, states in part:
 

 In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts including courts at both the trial and appellate level — have subject matter jurisdiction over certain categories of civil actions. * * * The uncertainty in some statutes regarding which court has review authority creates an unnecessary risk that a litigant may find himself without a remedy because of
 
 *1480
 
 a lawyer’s error or a technicality of procedure.
 

 It is undisputed that Alderete brought its contract claim by filing suit in the District Court, which transferred the case because of its lack of jurisdiction before the contract was awarded. We agree with the parties that adherence to the decision of the court below would defeat the purpose of the transfer statute by penalizing litigants who innocently file suit in the District Court and then find that the contract was awarded before the Claims Court had time to act on the transferred claim for equitable relief.
 

 4.
 

 As Judge Harkins pointed out in
 
 Dean Forwarding, supra,
 
 the decision below is at variance with the long-standing rule in the Federal courts that jurisdiction is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events, including action by the parties.
 
 St. Paul Mercury Indemnity Co. v. Red Cab Co.,
 
 303 U.S. 283, 293, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938);
 
 Rosado v. Wyman,
 
 397 U.S. 397, 402, 90 S.Ct. 1207, 1212, 25 L.Ed.2d 442 (1970);
 
 Dery v. Wyer,
 
 265 F.2d 804 (2d Cir.1959);
 
 Hill v. Rolleri,
 
 615 F.2d 886 (9th Cir.1980), and
 
 Craft
 
 v.
 
 United States,
 
 589 F.2d 1057 (Ct.Cl.1978).
 

 Moreover, it is well settled that a court has the power to issue a mandatory injunction to restore the situation to the status quo when a party, with notice of impending injunction proceedings, completes or performs the action sought to be enjoined.
 
 Porter
 
 v.
 
 Lee,
 
 328 U.S. 246, 251, 66 S.Ct. 1096, 1099, 90 L.Ed. 1199 (1946);
 
 Jones v. S.E.C.,
 
 298 U.S. 1, 17-18, 56 S.Ct. 654, 658, 80 L.Ed. 1015 (1936);
 
 Federal Trade Commission v. Weyerhaeuser Co.,
 
 648 F.2d 739, 741 (D.C.Cir.1981);
 
 Humble Gas Transmission Co. v. Mississippi Power & Light Co.,
 
 430 F.2d 1003, 1004 n. 2 (5th Cir.1970), and
 
 Ramsburg v. American Investment Co. of Illinois,
 
 231 F.2d 333 (7th Cir.1956).
 

 The statute does not by its terms exempt the Claims Court from these well established rules, and we find no express statement in the legislative history which indicates that such an exemption was intended. Therefore, the clear implication is that Congress intended that the rules would apply equally in the Claims Court as in the other Federal courts.
 

 If the Claims Court does not retain this power after award, the result is likely to create greater, not lesser, interference in the administration of Government contracts, and may also effectively deprive a bid protester, who has a meritorious case, of any forum on his claim for equitable relief. It is common knowledge that bid protests generally arise immediately prior to an award of a contract. In the normal course of events, a contract may be awarded as scheduled within a few days after the action is transferred to the Claims Court. If the decision appealed from prevails, the Claims Court may be compelled to issue temporary restraining orders immediately to forestall the ouster of its jurisdiction, without the opportunity to determine how strong or weak the claims may be. If the Claims Court is forced to enjoin the awards in such haste in order to retain its jurisdiction, almost any bid protester can stop the procurement process by the filing of a suit in the Claims Court.
 

 On the other hand, if the Claims Court dismisses the action because the contract has been awarded when the court acts, the protester who has a valid claim may well be deprived of a remedy either in the Claims Court or in a district court. By the time the disappointed bidder refiles his action in a district court, performance of the contract may have progressed to the point where the district court would refuse to enjoin further proceedings.
 
 [3]
 

 [4]
 
 The heavy burden that is imposed on the bid protester in such a situation is emphasized in
 
 M. Steinthal & Co. v. Seamans,
 
 455 F.2d 1289, 1303 (D.C.Cir. 1971):
 

 
 *1481
 
 It would be intolerable for any frustrated bidder to “render uncertain for a prolonged period of time government contracts which are vital to the functions performed by the sovereign” * * *
 

 [E]ven assuming a colorable claim by the disappointed bidder, it does not follow that he is entitled to an evidentiary hearing and judicial determination of the merits of his claim before termination of the procurement process, (citation omitted)
 

 5.
 

 We have examined the legislative history of 28 U.S.C. § 1491(a)(3), much of which is recited in
 
 Grimberg, supra,
 
 and have been unable to find therein any pertinent material that would assist us in answering the precise question raised in this appeal. Therefore, we resort to the plain meaning of the statute; that meaning is in accord with our conclusion.
 
 See Grimberg, supra,
 
 702 F.2d at 1365, and cases there cited.
 

 Conclusion
 

 For the reasons stated, we conclude that jurisdiction was properly vested in the Claims Court under section 1491(a)(3) and was not defeated by the award of the contract. Accordingly, the decision of the Claims Court is reversed and the case is remanded with instructions to hear and determine Alderete’s claim for equitable relief on the merits.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . 2 Cl.Ct. 184 (1983) (Merow, J.)
 

 [2]
 

 . “To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. * * *” 28 U.S.C. § 1491(a)(3).
 

 [3]
 

 . “The court obviously could not ‘enjoin the award’ of contracts already awarded. Nor would a declaratory judgment be appropriate after award. There is nothing anywhere in the legislative history referring to any power in the Claims Court to undo or vacate an awarded contract by way of mandatory injunction or otherwise.”
 
 Grimberg,
 
 702 F.2d at 1370. See also a statement to the effect that the equitable powers of the Claims Court are limited to the pre-award stage of the contracting process.
 
 Grimberg,
 
 702 F.2d at 1371.
 

 [4]
 

 . Alderete asserts that in the district court, the protester will likely be confronted with the Government’s contention that the Claims Court has exclusive jurisdiction under 28 U.S.C. § 1491(a)(3).