**WHITNEY BENEFITS, INC., and Peter Kiewit Sons' Co., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 499–83L.

United States Court of Federal Claims.

April 20, 1994.

George W. Miller with Walter A. Smith Jr. and Jonathan L. Abram, Washington, DC, for plaintiffs Peter Kiewit Sons' Co. and Whitney Benefits, Inc.

Alfred T. Ghiorzi with Pamela S. West and Lisa Hemmer, Washington, DC, Dept. of Justice, for defendant United States.

*OPINION*

SMITH, Chief Judge.

On October 13, 1989, the court found that the plaintiffs had suffered a taking of their property, a large tract of minable coal, resulting from enactment of the Surface Mining Control and Reclamation Act (SMCRA), 30 U.S.C. § 1201 *et seq.* Following proceedings to determine the value of the property taken, the court entered judgment for the plaintiffs in the amount of $60,296,000.00 on December 28, 1989. The United States Court of Appeals for the Federal Circuit affirmed this court's decision and the Supreme Court denied certiorari. *Whitney Benefits, Inc. v. United States,* 18 Cl.Ct. 394 (1989), *modified,* 20 Cl.Ct. 324 (1990), *aff'd,* 926 F.2d 1169 (Fed.Cir.1991), *cert. denied,* ── U.S. ──, 112 S.Ct. 406, 116 L.Ed.2d 354 (1991). Following the Supreme Court's denial of certiorari, a dispute developed between the two party plaintiffs over the apportionment of the award of just compensation. Initially, the court held a jurisdictional hearing and issued its opinion which found that the court had jurisdiction to apportion the award. *Whitney Benefits, Inc. v. United States,* 25 Cl.Ct. 232 (1992). Next, after briefing, the court heard oral argument from the two plaintiffs on the share each felt entitled to. During this argument, original counsel for the plaintiff and counsel for the defendant sat at a neutral table, taking no position on the apportionment issue. Following oral argument, the court urged the parties to settle their disputes without the need for court intervention. Ultimately, the plaintiffs did that. In the meantime, the government filed the instant motion. On February 10, 1994, the court further clarified its opinion in the valuation trial and found that interest compounded annually was appropriate. *Whitney Benefits, Inc. v. United States,* 30 Fed.Cl. 411 (Ct.Fed.Cl.1994). The court now addresses defendant's outstanding Motion for a New Trial and the Motion to Set Aside the Judgment As Void. Finding that the government has not shown that it merits a new trial nor that the final judgment already entered in this case should be set aside, the court hereby denies both of the defendant's motions.

## I. DEFENDANT'S RULE 59(a) MOTION FOR A NEW TRIAL

RCFC 59(a)(2) provides the basic guidelines the court employs to determine if a new trial is warranted. This rule provides:

The court, at any time while a suit is pending before it, or after proceedings for review have been instituted, or within 2 years after the final disposition of the suit, may grant the United States a new trial and stay the payment of any judgment upon satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done the United States.

Defendant relies on two main arguments in support of its position that the court should grant a new trial in order to prevent the perpetration of an injustice against the United States. First, defendant argues that evidence proffered by the plaintiffs during the apportionment proceeding casts doubt upon the fairness and accuracy of the court's valuation decision. Second, defendant takes the position that the court must grant a new trial in order to assure that the valuation proceeding did not violate the provisions of the Anti-Assignment Act, 31 U.S.C. § 3727 (1993).

### A. The "New" Apportionment Evidence and its Impact on the Court's Valuation Decision

The government argues for a new trial on valuation based on its contention that the plaintiffs have, by material submitted during their apportionment dispute, cast doubt on the evidence upon which the valuation portion of the court's original decision was based. *Def. Motion for New Trial* at 1. It is argued that this doubt or new material requires the court to find that an injustice was done to the United States, requiring a new trial on the valuation issue under Court of Federal Claims Rule 59(a)(2). *Id.* at 2.

The court finds that none of the subsequently introduced apportionment evidence suggests that its original valuation decision has perpetrated an injustice against the United States. Further, the court does not find that a showing has been made that the valuation component of the original trial was defective. Both sides litigated this case ex-

tensively and with extraordinary competence. The parties generated tremendous amounts of evidence which the court considered in reaching its valuation decision. As the Court of Appeals for the Federal Circuit stated in prior appeal in this case:

> ... the Claims Court considered every evaluation issue addressed and all evaluation evidence submitted at trial. It then made and explained detailed findings, some for Benefits and some for the government. On appeal, the government fails to show that any finding of the Claims Court was clearly erroneous.

*Whitney Benefits, Inc. v. United States*, 962 F.2d 1169, 1177–78 (Fed.Cir.1991). No information discovered since the end of the trial, or since Chief Judge Markey's appellate decision, has suggested that either side could have done more to litigate its case or casts any doubt upon the court's prior valuation decision.

Defendant's proffered "new evidence" is more accurately characterized as recently generated expert analysis utilized by one of the plaintiffs during the apportionment proceeding to show that the value of their interest was greater than that of the other party. In fact, much of what the defendant seems to rely upon is not really evidence regarding the total value of the property at all, but rather argument by one or the other of the plaintiffs regarding the trial evidence's implications for the value of their respective interests in the taken property. For example, the government relies on Whitney's assertion that Kiewit's interest was valueless and that its lessor's interest represents the entire value of the taken property. The government then takes this argument, which really goes to apportionment of the judgment, and attempts to use it to support its position that the amount of the total judgment should have been lower. The government's other arguments regarding the apportionment evidence all fall into this category: arguments that do not establish the "size of the pie," but rather how the "pie" is to be divided.

The court has seen no evidence or other material submitted by any party that casts even the slightest doubt upon the original findings of the valuation trial. The trial val-

ued the property as a whole, a fee simple owned and operated by the same party. As a result, with regard to the issue of the government's total liability for taking the coal mine, it is completely irrelevant to the United States whether the property was owned by one or two owners, or for that matter 500 owners. Yet the government attempts to use proffered analysis which seeks to divide the judgment between the plaintiffs to argue that the overall size of the judgment was too large. The court finds that the government's subsequent allegations as to which of the plaintiffs owned which interests in the taken property do not impact on the determination of the accuracy or justice surrounding the court's determination of what the property as a whole was worth and thus fail to meet the standards for granting a new trial.

### B. *The Anti–Assignment Act*

In its Motion for a New Trial, defendant also seeks to invoke the Anti–Assignment Act to support its request for relief. In relevant portion, the Anti–Assignment Act prohibits the assignment or transfer of "any part" of a claim against the United States until the "claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727 (1993). In its brief, the government argues that the joint conduct of litigation by the dual plaintiffs, Whitney Benefits, Inc. and Peter Kiewit Sons, Co, somehow constitutes an assignment of an interest in a claim in violation of the Anti–Assignment Act.

None of the defendant's briefs on this issue adequately explains how such an assignment took place, and the court does not find the existence of such an assignment. The court notes that defendant makes its present claim based on the Anti–Assignment Act in the eleventh hour, having failed to press this claim during the first nine years of this litigation. The court further notes that the rules of the Court of Federal Claims specifically provide for the joint prosecution of claims. RCFC 20(a). Based upon the record in this case, the court finds that the plaintiffs initially may have conducted this joint litigation with uncertainty as to exactly

how any future recovery would be divided. This uncertainty reached its apex in the wake the Supreme Court's denial of certiorari when the original owners of the coal found themselves unable to agree on how to divide their joint award and prayed for court intervention. Any such uncertainty about their relative ownership interests, however, was removed during the apportionment proceedings wherein the plaintiffs established the specific property rights of the dual plaintiffs.

 In the court's view, this history of determining the parties' relative interests cannot constitute an assignment of a claim for purposes of the Anti–Assignment Act or otherwise.[1] Thus, while recognizing that waivers of sovereign immunity must be strictly construed in favor of the sovereign, *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980), and that "it is the duty of a court to actively police its jurisdictional boundaries," *UNR. v. United States,* 962 F.2d 1013 (Fed. Cir.1992), *aff'd sub nom., Keene Corp. v. United States,* —— U.S. ——, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), the court declines to grant the Motion for a New Trial based solely upon defendant's unsubstantiated allegations and novel legal theory that a statutorily prohibited assignment of a claim has taken place.

## II. DEFENDANT'S MOTION TO SET ASIDE THE JUDGMENT AS VOID— SECTION 1500

 Defendant's second motion argues that 28 U.S.C. § 1500 and the United States Court of Appeals for the Federal Circuit's recent decision in *UNR Industries Inc. v. United States,* 962 F.2d 1013 (1992), *aff'd sub nom, Keene Corp. v. United States,* —— U.S. ——, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), require the court to dismiss plaintiffs' complaint and vacate the opinion for lack of jurisdiction. Defendant's Motion correctly asserts that the cited decisions of the Court of Appeals for the Federal Circuit established the principal that, under 28 U.S.C. § 1500, the United States Court of Federal

Claims lacks jurisdiction over any claim where the plaintiff has the same claim pending in another court. *Def's Motion to Set Aside Judgment* at 2. Further, defendants allege facts which they argue establish that plaintiffs pursued their claim simultaneously in both the Court of Federal Claims and the United States District Court for the District of Wyoming.

The court declines to dismiss the plaintiffs' complaint and vacate the judgment entered based upon defendant's Section 1500 motion. The court notes that the Court of Appeals for the Federal Circuit has already addressed the existence of the court's jurisdiction to hear this case in a prior appeal. *Whitney Benefits, Inc. v. United States,* 752 F.2d 1554, 1558 (Fed.Cir.1985). Although not specifically raised by either party in the appeal, the Court of Appeals found on its own motion that no jurisdictional preclusion or other statutory bar was present in this case. Thus, the Court of Appeals endorsed the view that the plaintiffs should be able to pursue the citizen's suit and the Tucker Act claims simultaneously. No language in the subsequent decisions of the Federal Circuit and the Supreme Court in *UNR Industries, Inc. v. United States,* 962 F.2d 1013 (Fed.Cir. 1992), *aff'd sub nom Keene Corp. v. United States,* —— U.S. ——, 113 S.Ct. 2035 serves to overrule, either explicitly or implicitly, the Court of Appeals for the Federal Circuit's finding of jurisdiction in that appeal.

 Finding that jurisdiction exists in the Court of Federal Claims for this case is consistent with precedent, including the recent *UNR/Keene* decisions. It has been long established that the word "claim" for Section 1500 purposes does not refer to any specific legal theory or relief requested, but instead upon the set of operative facts underlying the litigation. *See, UNR Industries, Inc. v. United States,* 962 F.2d 1013, 1023–24 (Fed. Cir.1992). *citing, Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1561 (Fed.Cir. 1988), *cert. denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989); *British Am. Tobacco Co. v. United States,* 89 Ct.Cl. 438,

---

1. The court also notes that the original claimants, and only the original claimants, are the only plaintiffs to have ever prosecuted this claim.

1939 WL 4266 (1939); *Los Angeles Shipbuilding & Drydock Corp. v. United States,* 152 F.Supp. 236, 238, 138 Ct.Cl. 648 (1957). Defining exactly what constitute the operative facts of a case sometimes proves a thorny issue. In the present matter, however, the plaintiffs claim for just compensation in the Court of Federal Claims clearly does not arise from the same operative facts as does the citizen's suit to compel an exchange of coal tracts.

The citizen's suit sought only the administrative remedy of compelling an exchange of coal tracts pursuant to the statutory conditions set forth in Section 510(b)(5) of the Surface Mining Control and Reclamation Act of 1977. This procedure is neither a prerequisite nor an alternative to a Tucker Act claim. Rather, it is a possible basis for providing a non-monetary payment or possible settlement of the plaintiffs' Tucker Act judgment. Thus, the operative facts of the citizen's suit are merely that conditions set forth in the statute have been met which entitle the plaintiffs to an additional administrative remedy. The citizen's suit required no demonstration by the plaintiffs that the government had unlawfully taken the plaintiff's property without just compensation, operative facts which must be demonstrated for a plaintiff to succeed in a lawsuit brought under the fifth amendment to the Constitution. As the two suits are clearly premised on differing operative facts, defendant's Section 1500 motion fails based upon existing precedent.

Even if the Federal Circuit had not found jurisdiction and even if the operative facts were the same, this court could not void the judgment under § 1500. Under the jurisdictional principles which governed the court in 1989 (when the judgment in this case was first entered), no party to the litigation had cause to question the court's jurisdiction. In fact, at the time this court entered its judgment, the law had been clear for almost a quarter of a century that § 1500 did not divest the court upon the filing of a subsequent action in district court, even if the district court action was based on the same claim as the Court of Claims or Claims Court action. *See, Tecon Engineers, Inc. v. United States,* 343 F.2d 943, 170 Ct.Cl. 389 (Cl.Ct. 1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966); *Clark v. United States,* 8 Cl.Ct. 649, 652 (1985) (government conceded this interpretation of § 1500); *ATL, Inc. v. United States,* 3 Cl.Ct. 49, 52 (1983); *Camero v. United States,* 345 F.2d 798, 800, 170 Ct.Cl. 490 (Cl.Ct.1965). Such questioning commenced only after the change in precedent brought about by *Keene v. United States.*

This change in the court's jurisdiction brought about by *Keene* does not suggest that this court should reopen a judgment entered three years before in order to dismiss the plaintiffs' complaint. With the denial of certiorari by the Supreme Court, the judgment in this case became final. As a result, this court is powerless to reopen the judgment and dismiss the complaint. *Keene* and other decisions which change the court's jurisdiction can apply only to matters which have not yet reached the stage of entry of final judgment. *See, e.g., United States v. O'Grady,* 89 U.S. (22 Wall) 641, 646–48, 22 L.Ed. 772 (1874). In fact, defendant's briefs buttress this point in that they do not point to any case where a court has *ever* voided a judgment under RCFC 60(b)(4) when the court that entered it had jurisdiction under the law as it existed when the judgment was entered. As a result, the court declines to reopen the judgment in order to dismiss the complaint as requested by the defendants.

## CONCLUSION

For the foregoing reasons, the court hereby denies defendant's Motion for a New Trial and Motion to Reopen and Set Aside the Judgment as Void.

IT IS SO ORDERED.