**NATIONAL FORGE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Brown Boveri Power Equipment, Inc., Third-Party Defendant.**

No. 101–85C.

United States Claims Court.

March 15, 1985.

William M. Simmons, Washington, D.C., with whom was Gage, Tucker & vom Baur, for plaintiff.

Carol N. Park, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, for defendant; Sophie A. Krasik and Robinwyn D. Lewis, Dept. of the Navy, of counsel.

L. Stephen Quantannens, Washington, D.C., with whom was Hamel & Park, for third-party defendant.

## MEMORANDUM OF DECISION [1]

KOZINSKI, Chief Judge.

Plaintiff petitions the court for an order setting aside the cancellation of Office of the Naval Sea Systems Command (NAVSEA) Solicitation N000–24–84–B–4713, and compelling NAVSEA to award the contract pursuant to that solicitation. NAVSEA had cancelled the solicitation after the bids were opened. The only issue addressed in this memorandum is the court's jurisdiction to consider plaintiff's claim.

---

**1.** This memorandum sets forth a portion of the court's oral ruling rendered at a hearing held on March 6, 1985. At that hearing the court also ruled on the parties' cross-motions for summary judgment. Because those rulings are specific to the facts of this case and are not of precedential importance, they are not discussed herein.

## Facts

On September 21, 1984, NAVSEA issued a formal solicitation for one propeller shaft assembly measuring 55 feet, $11^5\!/_{64}$ inches in length. Several months before this solicitation was issued, on April 24, 1984, Dr. Richard D. DeLauer, the Under Secretary of Defense, had determined, pursuant to 10 U.S.C. § 2304(a)(16) (1982) and Executive Order 11490, 34 Fed.Reg. 17,567 (1969), that ship propulsion shafts longer than 50 feet could be procured only from domestic producers. This restriction was contained in an internal memorandum from Dr. De-Lauer to the secretaries of the military departments; it was not expressly noted in the solicitation.

Four bids were received and opened on November 6, 1984. Third-party defendant Brown Boveri submitted the lowest bid; plaintiff's bid was the next lowest. The contracting officer tentatively determined that Brown Boveri was the lowest responsible, responsive bidder. However, during ensuing discussions, the contracting officer learned that Brown Boveri was planning to contract with a West German firm for the forging of the ship propulsion shaft. Because this would violate the DeLauer memorandum, the contracting officer determined that he could not award the contract to Brown Boveri. At the same time, he concluded that the solicitation had to be cancelled because it did not contain an express reference to the DeLauer restriction and was therefore defective.

Plaintiff protested the proposed cancellation on January 24, 1985. Nevertheless, the contracting officer determined that the "inadequate or ambiguous specifications" in the solicitation constituted a compelling reason for cancellation pursuant to 48 CFR § 14.404–1 (1984). Plaintiff was notified of the contracting officer's decision in an undated letter it received on February 11, 1985. Plaintiff filed this action to nullify the cancellation on February 20, 1985.

## Question Presented

Defendant's motion to dismiss challenges the court's jurisdiction to consider a claim that a solicitation was cancelled improperly.

## Discussion

Defendant argues that the court lacks jurisdiction to consider plaintiff's claim because that claim is based upon an alleged violation of 48 CFR § 14.404–1 (1984), the regulation governing the cancellation of solicitations after bids have been opened. In defendant's view, the court lacks jurisdiction to consider violations of this regulation because the government does not owe plaintiff a *contractual* duty to follow the regulations. Defendant bases its argument primarily upon *Ingersoll-Rand Co. v. United States*, 2 Cl.Ct. 373 (1983), where the court held that defendant had no contractual duty to potential bidders to observe certain procurement regulations.

*Ingersoll-Rand* is easily distinguishable. In that case, the plaintiff was challenging the terms of a request for quotations (RFQ) on the ground that it failed to comply with applicable procurement regulations. The court ruled that it lacked jurisdiction to consider plaintiff's claim because defendant had no contractual obligation to potential bidders to structure the RFQ in accordance with procurement regulations. 2 Cl.Ct. at 376. The court held that its equitable jurisdiction "is limited to situations where a bid complies with the terms of a bid invitation but is, nevertheless, not fully and fairly considered." *Id.* The court reasoned that "[i]t is the plaintiff's compliance with the solicitation that forms the consideration for the implied contract of fair dealing" which is the source of the court's authority under 28 U.S.C. § 1491(a)(3) (1982), *id.*, and concluded that "bidders [cannot] challenge the terms of the bid solicitation since the solicitation comes into existence before the implied contract and, in fact, forms the basis of that contract." *Id.*

In this case, plaintiff is not challenging the manner in which the solicitation was issued. Indeed, plaintiff argues that the solicitation was entirely proper and should be reinstated. Plaintiff challenges the manner in which defendant has treated its bid once it was received. By complying

with the terms of the solicitation as issued, plaintiff is entitled to have its bid fully and fairly considered. *Ingersoll-Rand,* 2 Cl.Ct. at 376. Plaintiff argues that this did not occur because defendant improperly cancelled the solicitation. This type of claim falls squarely within the court's equitable jurisdiction.

That plaintiff bases its claim of improper cancellation on a regulation has no bearing on the court's jurisdiction. The regulation was in force when the solicitation was issued and at all other relevant times. It limits the agency's authority to cancel bids after opening and thereby governs one aspect of the bid evaluation process. The regulation thus constitutes one of the terms of the implied contract of fair dealing that forms the basis of the court's jurisdiction under 28 U.S.C. § 1491(a)(3) (1982). *Accord International Graphics, Inc. v. United States,* 4 Cl.Ct. 186, 192 (1983); *see Kinetic Structures Corp. v. United States,* 2 Cl.Ct. 343, 344 (1983); *P. Francini & Co. v. United States,* 2 Cl.Ct. 7, 10 (1983).[2]

### Conclusion

Defendant's motion to dismiss is denied.

---

**2.** Defendant's reliance on *Eagle Construction Corp. v. United States,* 4 Cl.Ct. 470 (1984), is misplaced. *Eagle Construction* closely followed the reasoning of *Ingersoll-Rand* and can be distinguished on the same basis. Moreover, in *Eagle Construction* the court considered the merits of an improper cancellation claim. 4 Cl.Ct. at 477–78. The court certainly would not have done so had it concluded that this type of claim was beyond its jurisdiction.