NATIONAL FORGE COMPANY, Plaintiff,

v.

The UNITED STATES, Defendant,

and

Brown Boveri Power Equipment, Inc., Third-Party Defendant.

No. 101–85C.

United States Claims Court.

April 16, 1985.

William M. Simmons, Washington, D.C., with whom was Gage, Tucker & vom Baur, for plaintiff.

Carol N. Park, Washington, D.C., with whom were Acting Asst. Attys. Gen. Richard K. Willard, David M. Cohen and Thomas W. Petersen, for defendant. Sophie A. Krasik and Robinwyn D. Lewis, Dept. of the Navy, of counsel.

L. Stephen Quantannens, Washington, D.C., with whom was Hamel & Park, for third-party defendant.

## MEMORANDUM OF DECISION [1]

KOZINSKI, Chief Judge.

This is a bid protest case brought pursuant to 28 U.S.C. § 1491(a)(3). In earlier proceedings in this case, the court ruled that it had jurisdiction over plaintiff's claim that defendant had improperly cancelled a bid solicitation after bids were opened. *National Forge Co. v. United States*, 7 Cl.Ct. 530, 531 (1985) (*National Forge I*). In an unpublished order, the court then granted defendant's motion for summary judgment on the ground that the contracting officer had acted properly in cancelling the solicitation in the circumstances of this case. Order of Mar. 8, 1985.

Subsequent to the cancellation of the solicitation, defendant issued a new solicitation virtually identical to the first one, but correcting what defendant thought to be a material defect in the original solicitation. Potential bidders, including plaintiff, have received the resolicitation. Bids were to be submitted no later than April 11, 1985, after which time defendant planned to make a new award.[2]

On March 11, 1985, plaintiff moved for an injunction pending appeal, requesting that the court enjoin defendant from going forward with the resolicitation. Plaintiff argued that the court's substantive ruling was a close and difficult one, as the court recognized when it made its ruling on the record. Plaintiff also argues that award of the resolicitation may render its appeal moot and that the injunction therefore is necessary to preserve the status quo while the appeal is pending.

 The relief plaintiff seeks is beyond the jurisdiction of this court. While the court has ruled that it has jurisdiction to determine whether the original solicitation was improperly cancelled, *National Forge I*, 7 Cl.Ct. at 531, the only relief the court can afford must involve the original solicitation itself. This is because the implied contract of good faith and fair deal-

---

**1.** On March 26, 1985, the court heard arguments on plaintiff's motion for an injunction pending appeal. The court denied the injunction, stating its reasons on the record. Transcript of Mar. 26, 1985, hearing, at 51–54. In order to expedite further proceedings, an order to that affect was entered the same day. This memorandum sets forth the ruling made at the March 26, 1985, hearing.

**2.** By order of April 8, 1985, the Court of Appeals for the Federal Circuit issued a temporary injunction precluding defendant from making an award of the resolicitation in order to preserve the status quo pending the court's ruling on the issue.

ing, upon which the court's jurisdiction is based, entitles a plaintiff to nothing more than a fair opportunity to be considered for award of the contract on which it has bid. Plaintiff has no standing to seek an injunction of the resolicitation, an independent procurement as to which plaintiff had not yet submitted a bid. *Indian Wells Valley Metal Trades Council v. United States,* 553 F.Supp. 397, 1 Cl.Ct. 43, 45 (1982).

Whether or not defendant goes ahead with the reprocurement cannot, in any case, prejudice plaintiff. If the original solicitation was improperly cancelled, as plaintiff argues, the solicitation will be reinstated and plaintiff will have its bid considered thereunder. The fact that the United States might have made an award on the resolicitation will have no effect upon plaintiff's rights as they existed at the time suit was filed.[3] *Cf. F. Alderete General Contractors, Inc. v. United States,* 715 F.2d 1476, 1480 (Fed.Cir.1983) (events occurring after filing of the complaint cannot deprive the court of jurisdiction). If the original procurement is reinstated and defendant has already made an award of the resolicitation, defendant might well have to cancel the resolicitation or make some other adjustment vis-a-vis the successful bidder. That, however, is of no concern to plaintiff who will be entitled to have its bid fully and fairly considered if it succeeds in persuading the court of appeals that the original solicitation should be reinstated.

### Conclusion

The motion for an injunction pending appeal is denied.

---

**3.** On February 22, 1985, the court entered an order stating that the case would be determined in accordance with the fact situation as it existed at the time of the filing of the complaint. This order was based upon an oral stipulation entered at a hearing held February 21, 1985.