**NATIONAL FORGE COMPANY, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 85–2073.**

United States Court of Appeals, Federal Circuit.

Dec. 12, 1985.

William M. Simmons, Gage, Tucker & Vom Baur, Washington, D.C., for appellant.

Carol N. Park, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for appellee. With her on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Robinwyn D. Lewis and Kent N. Stone, Office of Counsel, Naval Sea Systems Command, Dept. of Navy, Washington, D.C., of counsel.

Before BENNETT, NIES, and NEWMAN, Circuit Judges.

## DECISION

BENNETT, Circuit Judge.

Appellant National Forge Company (National Forge) appeals from the March 6, 1985 bench decision and the order of March 8, 1985, of the United States Claims Court, No. 101–85C (Kozinski, C.J., presiding), denying its motion for summary judgment and request for declaratory and injunctive relief, granting the government's cross-motion for summary judgment, and dismissing the complaint. We affirm.

## BACKGROUND

Pursuant to 10 U.S.C. § 2304(a)(16) (1982) and Executive Order No. 11490, 34 Fed.Reg. 17,567 (1969), the Department of Defense issued an internal memorandum (the DeLauer restriction) on April 24, 1984, mandating against procurement of certain foreign forging products, including "ship propulsion shafts greater than 50 feet in length."

On September 21, 1984, the Naval Sea Systems Command (agency) issued an invitation for bid (IFB) for the manufacture of a propeller shaft assembly approximately 56 feet long. The solicitation did not mention the DeLauer restriction. Four bids were received, and they were opened on November 6, 1984. Brown Boveri Power Equipment was found to be the lowest responsive, responsible bidder. National Forge was the second low bidder.

On November 14, 1984, Brown Boveri informed the agency that the shafting would be forged by a West German corporation. In light of this, and the absence of the DeLauer restriction from the IFB, the solicitation was cancelled in January 1985 prior to contract award. In seeking approval by his superiors to cancel the solicitation, the contracting officer stated that "[s]ince [the] low offeror bid [was] in good faith and completely in compliance with the IFB it would not be proper to award to the

second low bidder on assumption that he would use a United States forger," and that "[a]ny of the offerors could within terms of the IFB use either foreign or United States forgers." The actual cancellation notice sent to all bidders stated that "[t]he cancellation is occasioned by an incomplete description of award requirements."

National Forge objected to the cancellation and brought an action in the Claims Court to enjoin the cancellation and to compel the agency to evaluate its bid for award. The Claims Court found that the contracting officer did not abuse his discretion when he cancelled the solicitation, noting that he had a reasonable basis for concluding there was a compelling reason under the Federal Acquisition Regulations System, 48 C.F.R. § 14.404–1(c)(1) (1984), to cancel the IFB.

## OPINION

Before reaching the merits of this appeal, it is first necessary for us to determine whether the Claims Court had jurisdiction to decide whether the cancellation of the IFB was proper. *Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed.Cir. 1983).

■■■ National Forge brought its action in the Claims Court pursuant to 28 U.S.C. § 1491(a)(3) (1982).[1] It argued that the government failed to comply with 48 C.F.R. § 14.404–1, which limits an agency's authority to cancel a solicitation after the bids have been opened.[2] National Forge argued its bid was not fairly considered by the government, even though it had complied with the terms of the solicitation, and thus an implied contract of fair dealing had been breached. The equitable jurisdiction of the Claims Court can be invoked, in the pre-award stage, when there is a breach of the implied contract to consider fairly and honestly all responsible bids. *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1367 (Fed.Cir.1983). In its cause of action before the Claims Court, National Forge was seeking equitable relief, in particular reinstatement of the cancelled solicitation. No contract had been awarded, hence, it was a pre-award claim. Accordingly, we find the court below had jurisdiction to decide the case.[3]

■■■ Turning now to the merits of this appeal, National Forge contends that the Claims Court "improperly substituted its own rationale for the reasoning of the contracting officer." Although the court concluded that the contracting officer's decision to cancel the solicitation was based upon a specification defect under 48 C.F.R. § 14.404–1(c)(1), National Forge argues that the "[a]gency reasons [for cancellation] related to a bidder eligibility criterion, and could only have justified cancellation under subsection (c)(9)." Thus, it is National Forge's view that the solicitation was cancelled, not because it was defective, but because the low bidder, Brown Boveri, was

---

1. 28 U.S.C. § 1491(a)(3) provides in pertinent part: "To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable relief as it deems proper, including but not limited to injunctive relief."

2. 48 C.F.R. § 14.404–1 (1984) reads in pertinent part:
   "(a)(1) Preservation of the integrity of the competitive bid system dictates that, after bids have been opened, award must be made to that responsible bidder who submitted the lowest responsive bid, unless there is a compelling reason to reject all bids and cancel the invitation.
   . . . .
   "(c) Invitations may be cancelled before award but after opening when, consistent with

subparagraph (a)(1) above, the contracting officer determines in writing that—
   "(1) Inadequate or ambiguous specifications were cited in the invitation;
   . . . .
   "(9) For other reasons, cancellation is clearly in the Government's interest."

3. The Claims Court so held in a published memorandum decision in this case which denied the government's motion to dismiss on jurisdictional grounds. 7 Cl.Ct. 530 (1985). The United States challenged Claims Court jurisdiction to determine the merits of the cancellation of the IFB but did not raise the issue on this appeal. We do so sua sponte to reach the Claims Court's decision on the merits.

ineligible, and bidder ineligibility is not a compelling reason for cancelling a solicitation under section 14.404–1.

After carefully reviewing the record, we conclude that National Forge's contention is without merit and support, and we believe the Claims Court's understanding of the reasons for the cancellation is entirely consistent with that of the contracting officer and agency and protected the integrity of the competitive bidding process. We note that, in his notice of cancellation, the contracting officer stated that the cancellation was "occasioned by an incomplete description of award requirements." The Claims Court interpreted the term "award requirements" as relating to the item or product, and not the bidder. Therefore, as a product or item description, the DeLauer restriction should have been included as part of the terms and conditions of the solicitation. Consequently, its omission rendered the solicitation defective under 48 C.F.R. § 14.404–1(c)(1). The contracting officer did not abuse his discretion or commit legal error in so concluding and the Claims Court applied proper standards of judicial review in upholding cancellation of the IFB.

National Forge also contends that the Claims Court's refusal to grant injunctive relief was an abuse of discretion and that it gave a legally insufficient reason to enforce the "common law of government procurement" under 48 C.F.R. § 14.404–1 as developed by interpretations of the Comptroller General. It is well settled and appellant concedes that the Claims Court is not bound by the views of the Comptroller General. *Burroughs Corp. v. United States*, 617 F.2d 590, 597 (Ct.Cl.1980); *cf. Wheelabrator Corp. v. Chafee*, 455 F.2d 1306, 1316–17 (D.C.Cir.1971); *McConnell v. United States*, 5 Cl.Ct. 785, 789 (1984). Appellant believes, however, that the Claims Court rejects General Accounting precedents here only because it is a court. This view misperceives the holding of the trial court in this case and its conception of its jurisdiction to review a bid cancellation. The Claims Court correctly restricted its legal review to whether the contracting officer's interpretation of, and later decision to cancel, the solicitation was unreasonable or an abuse of discretion under the requirements for cancellation set forth in 48 C.F.R. § 14.404–1(c).

AFFIRMED.

NIES, Circuit Judge, concurring-in-part.

I join the majority except in the explanation of jurisdiction.

On the question of jurisdiction, I believe it may be helpful to point out to litigants that jurisdiction in this type of case should be pleaded under 28 U.S.C. § 1491(a)(1) *and* (a)(3). In *United States v. John C. Grimberg Co., Inc.*, 702 F.2d 1362 (Fed.Cir. 1983), this court held in banc:

> Subsection (a)(3) thus provides a new remedy in respect of a particular type of claim (contract) over which the court was granted jurisdiction in (a)(1).

Thus, subject matter jurisdiction over a claim alleging breach of an implied contract to consider a responsive bid fairly and honestly rests on 28 U.S.C. § 1491(a)(1), not (a)(3). The latter subsection, as exhaustively analyzed in *Grimberg*, is a grant of additional power to the Claims Court in a pre-award implied contract case. I do not endorse the Claims Court opinion referenced in note 3 because it fails to follow the *Grimberg* analysis.

In sum, subject matter jurisdiction is found in (a)(1) ("The U.S. Claims Court shall have jurisdiction to render judgment ... upon any ... implied contract with the U.S.....") and possible "equitable relief" in connection with that subject matter in (a)(3).