**CADDELL CONSTRUCTION CO., INC./ISE CONSTRUZIONI, S.p.A., a Joint Venture, Plaintiff**

**and**

**M.W. Kellogg Co./Siciliana Appalti Construzioni, S.p.A., a Joint Venture, Plaintiff-Intervenor**

**v.**

**The UNITED STATES.**

No. 15–86C.

United States Claims Court.

March 7, 1986.

Timothy Sullivan, Washington, D.C., for plaintiff. Katherine S. Nucci and Dykema, Gossett, Spencer, Goodnow & Trigg, of counsel.

Karen S. Fishman, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Robert E. Little, Dept. of the Navy, and Samuel J. Roser, Dept. of the Air Force, of counsel.

OPINION

MEROW, Judge:

This matter comes before the court on defendant's motion for summary judgment filed February 6, 1986, addressed to the claim pleaded by Caddell Construction Co., Inc./Ise Construzioni, S.p.A. (Caddell), Cad-

dell's opposition to the motion, and defendant's response.

This pre-award contract claim matter concerns a solicitation issued for the design and construction of 460 Air Force family housing units at Comiso Air Station, Sicily, Italy. Because the award remains to be accomplished, to preserve the integrity of the remaining process and to preclude disclosure of confidential information, the motion papers have been filed under seal. To avoid also placing this opinion under seal, confidential information will not be recited.

### Facts

For the purpose of its summary judgment motion only, defendant accepts the facts as pleaded by plaintiff Caddell and adds certain additional facts which have not been disputed. In relevant part, the facts stated show that the defendant, through the Naval Facilities Engineering Command, Contract, Mediterranean, issued the solicitation involved in March 1985. Proposals were to be received by July 15, 1985. The solicitation stated that the amount programmed for the housing contract was $29 million and that offerors should prepare their proposals so as to permit award at a price within this amount. It was stated that defendant intended "to procure the best house per dollar that meets these criteria via turnkey evaluation procedures in accordance with the basis of award provision paragraph 1c.7."

The basis of award was made subject to cost limitations. Offerors were advised that "subject to cost limitations, award will be made to that firm offering the lowest dollar to quality point ratio determined by dividing the offered price by the technical points assigned during the Government evaluation and selection procedure." Offerors were instructed to make their initial submittals "on the most favorable terms from a price and technical standpoint which the proposer can submit to the Government."

Plaintiff Caddell submitted its proposal before the July 15, 1985 date. Defendant then issued requests for clarifications to each offeror requesting best and final offers by September 9, 1985. Following receipt of the September 9, 1985 submissions, defendant issued a further request for clarification seeking best and final offers by October 7, 1985.

Plaintiff submitted its revised proposal by October 7, 1985.

On October 31, 1985 defendant issued amendment No. 0008 to the solicitation which increased the amount programmed for the award from $29 million to $29,600,-000. The amendment contained the following:

> Note: Given present funding and appropriation climate, it is highly unlikely if not impossible, that additional funds above the programmed award amount would be made available. All proposals should therefore be reevaluated and, as much as possible, be brought into compliance with the programmed award amount.

The amendment also extended the offer period through February 10, 1986.

By letter dated November 1, 1985, following a meeting of the selection board for this solicitation, defendant requested further clarification on two points in plaintiff's proposal by December 2, 1985.

Plaintiff promptly protested the issuance of amendment No. 0008, requesting that it be rescinded and that award be based on the October 7, 1985 offers. Plaintiff's concern was that it may become the victim of an "auction" by defendant.

Amendment No. 0008 was not rescinded and defendant received offers, including Caddell's, on December 2, 1985. These offers have been evaluated for award, with the result that plaintiff Caddell's dollar to quality point ranking has been obtained. On the December 2, 1985 round of offers, Caddell ranks fourth of the five technically conforming proposals scored. On the October 7, 1985 round of proposals, Caddell's proposal was considered technically nonconforming, and Caddell ranked sixth based upon dollar to quality point ratios for nine proposals involved. If only October 7,

1985 proposals priced below $29 million are considered, Caddell then ranked third in a field of four.

Plaintiff Caddell's complaint filed in this matter seeks an injunction restraining defendant from awarding a contract to any concern until such time as this proceeding is concluded and an order directing defendant to rescind amendment No. 0008 and to make an award determination based upon the offers submitted October 7, 1985.[1] The complaint states in its paragraph 1 that "[t]his is an action to enjoin Defendant from awarding any contract pursuant to Solicitation No. RPF N62745–85–R–0038 (the 'solicitation') to any concern other than Plaintiff, and for a declaratory judgment that award under this solicitation must be made to Plaintiff."

### Discussion

The basis for Caddell's pre-award contract claim is its assertion of impropriety with respect to defendant's action in adding $600,000 to the programmed amount after obtaining best and final offers and soliciting a new round of offers. In its summary judgment motion, defendant does not address the merits of this claim. Instead, defendant attacks Caddell's standing to raise the issue in a pre-award contract claim action under 28 U.S.C. § 1491(a)(1) and (a)(3).

In *United States v. John C. Grimberg Co.*, 702 F.2d 1362 (Fed.Cir.1983), the court emphasized the contractual nature of the pre-award equitable remedy set forth in 28 U.S.C. § 1491(a)(3). *See also National Forge Co. v. United States*, 779 F.2d 665, 668 (Fed.Cir.1985). By requesting and receiving offers, defendant "contracted" to give them fair and honest consideration. *Western Pioneer, Inc. v. United States*, 8 Cl.Ct. 291 (1985).

■ However, not every offeror has standing to question, by Claims Court liti-

gation, the fair and honest consideration of its offer. Standing, at a minimum, requires a showing of some actual or threatened personal injury, traceable to the challenged action, which is likely to be redressed by a favorable decision. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

■ Enactment of 28 U.S.C. § 1491(a)(3) merely added an equitable remedy to the contractual bid preparation expense jurisdiction already possessed by the Court of Claims. *United States v. John C. Grimberg Co., supra; National Forge Co. v. United States, supra.* In *CACI, Inc.-Federal v. United States*, 719 F.2d 1567, 1574 (Fed.Cir.1983), the court recognized that the basis for the standing required for pre-award contract claim relief consideration is not altered by reason of the nature of the relief sought. A potential contractor seeking either an injunction or bid preparation expenses must show that there was a substantial chance that it would receive an award—that it was within the zone of active consideration. *CACI, Inc.-Federal v. United States, supra; Morgan Business Assoc., Inc. v. United States*, 223 Ct.Cl. 325, 332, 619 F.2d 892, 896 (1980). In a situation where a number of offers are received, it is not conceivable that a breach of fair and honest consideration would render the government liable for the bid preparation expenses of all concerned. The theory underlying the liability involved, which had its genesis in *Heyer Products Co. v. United States*, 135 Ct.Cl. 63, 140 F.Supp. 409 (1956), is that an offeror has been unjustly deprived of the recovery of its bid preparation expenses which would presumably have occurred had it obtained the contract. Obviously, not all offerors would each obtain the contract, and recovery of bid expenses by all, without a showing of a

---

**1.** The complaint also seeks to have all offers rejected on the basis of their asserted expiration on January 11, 1986 for failure to include new or renewed bid bonds. This aspect of the complaint was addressed in defendant's Rule 56 motion, but not in plaintiff's opposition and is so deemed to be abandoned. In any event, its continued presence would not alter the result reached herein.

substantial chance of award, would constitute a clear windfall.

Accordingly, while it is not necessary for a contractor seeking pre-award contract claim relief to show that it would have obtained the contract in issue, "but for" the questioned action, there must at least be a "substantial chance" showing made.[2]

Plaintiff has essentially confined its opposition to an argument against the application of a "substantial award chance" standard for standing to bring a case seeking relief under 28 U.S.C. 1491(a)(3). Rather, plaintiff argues for a more expanded standard setting forth the language from *Scanwell Laboratories, Inc. v. Shaffer,* 424 F.2d 859, 846 (D.C.Cir.1970), that bid protest suits are "brought in the public interest by one acting essentially as a 'private attorney general.'" Plaintiff argues that since it was one of the nine companies permitted to submit October 7, 1985 "best and final" offers, it is necessarily sufficiently within the zone of active consideration to provide standing to promote integrity in this procurement through litigation.

Defendant argues that plaintiff lacks standing because it has no substantial chance of award. This is because plaintiff's October 7, 1985 offer lacked technical conformity and ranks comparatively low in the scoring. Thus, if the award decision were premised on the October 7, 1985 submissions, Caddell cannot show that it had a substantial chance of award.

The relief plaintiff seeks is a determination that the award be premised on the October 7, 1985 submissions. Given the "substantial chance" standard determined to be applicable, it is concluded that Caddell does not meet the test relative to its October offer. The same would be true with respect to the December 1985 offer. While technically conforming, the scoring of the December 1985 offer places Caddell too far

down the list to conclude that it had a substantial chance of the award. Choosing Caddell on this scoring could well open defendant to attack by those scored above.

In summary, while the decision in *CACI, Inc.-Federal v. United States, supra,* does equate Claims Court pre-award contract claim authority under 28 U.S.C. § 1491(a)(1) and (a)(3) with that exercised pursuant to 28 U.S.C. § 1331 by the district courts under *Scanwell,* recognition is also given to the differing contractual basis of the Claims Court jurisdiction in this area, and to the need for personal injury to show standing, which encompasses a substantial award chance showing. CACI-Federal, Inc. was next in line for the award in that litigation. In the instant case, Caddell has no significant chance for award on the basis of its offers as scored and the relief it seeks would not redress its complaints concerning the procurement action as applied to Caddell. At best, with respect to obtaining an award in this procurement, or bid preparation expense, Caddell is simply fighting another offeror's battle, and so lacks standing under 28 U.S.C. § 1491(a)(1) and (a)(3).

*Conclusion*

Having concluded that Caddell lacks standing to question the procurement action at issue, it is ORDERED that a final judgment be entered under Rule 54(b) dismissing Caddell's complaint in this matter in that there exists no just reason for delay in this respect. Each party shall bear its own costs.

---

**2.** The dicta in *Coastal Corp. v. United States,* 6 Cl.Ct. 337, 342 (1984), suggesting that equitable pre-award relief calls for a standing requirement less stringent than that for monetary pre-award relief are not supported in the legislative history underlying 28 U.S.C. § 1941(a)(3) and are contrary to the ruling in *CACI, Inc.-Federal*

*v. United States, supra. See also Electro-Methods, Inc. v. United States,* 728 F.2d 1471, 1475 (Fed.Cir.1984) (Claims Court held to have jurisdiction over issue of pre-award suspension based on showing of injury consisting of loss of award of contracts on which plaintiff had bid and was, in some instances, low bidder).