**A & C BUILDING AND INDUSTRIAL MAINTENANCE CORPORATION**

v.

**The UNITED STATES.**

No. 740–86C.

United States Claims Court.

Dec. 24, 1986.

Marc Lamer, Philadelphia, Pa., attorney of record, for plaintiff. Kostos Reiter Ganister and Lamer, Philadelphia, Pa., of counsel.

Joseph A. Kijewski, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Robert McCall, General Services Admin., Philadelphia, Pa., of counsel.

## OPINION

MEROW, Judge:

This asserted pre-award contract claim matter comes before the court on plaintiff's complaint, defendant's dispositive motion, plaintiff's opposition and defendant's reply. Oral argument was held on December 17, 1986.

It was agreed that, in the absence of any material fact dispute, all relevant aspects of this matter may be resolved on the basis of the submissions to date.

### Facts

On August 1, 1986 the General Services Administration, Philadelphia, Pennsylvania (GSA), issued a solicitation, GS–003–86–00B–0036, seeking sealed bids to furnish all management, supervision, labor, materials, supplies and equipment to provide janitorial and related services at the Fallon Federal Building, Baltimore, Maryland. Bid opening was scheduled to occur on September 2, 1986. When the solicitation was issued, plaintiff, A & C Building and Industrial Maintenance Corporation (hereafter A & C), was the incumbent contractor for the Fallon Building. A & C has been awarded janitorial contracts for the Fallon Building since December 1, 1983, with its last contract scheduled to expire on November 30, 1986. The contract to be awarded on solicitation GS–003–86–00B–0036 was to cover the year commencing December 1, 1986, with several renewal options.

GSA issued bid forms to 120 concerns on the prospective bidders list, including plaintiff. An appropriate notice of the solicitation was published in the Commerce Business Daily. Despite a change of address which was not reflected in GSA's records on this solicitation, plaintiff received the initial GSA bid mailings, including solicitation amendments Nos. 1–6. In all likelihood, this material was received at plaintiff's new address because plaintiff had the appropriate forwarding order on file with the United States Postal Service to cover mail addressed to its old address. By amendment, GSA postponed the bid opening date to October 7, 1986.

On October 6, 1986, GSA issued modification No. 7 to solicitation GS–003–86–00B–0036. This modification provided that "the solicitation cited above is hereby postponed indefinitely."

Plaintiff's practice was to attend the bid opening for a job on which it intended to submit a bid. Plaintiff would submit its

bid at this time and not before. Plaintiff's president, Clement R. Hipple, did not consider it to be prudent to leave a bid prior to the scheduled bid opening date. He was concerned that a bid submitted prior to the opening date could become misplaced. Accordingly, consistent with plaintiff's bidding practice, as he had not received amendment No. 7, on October 7, 1986 Mr. Hipple brought plaintiff's bid on solicitation GS–003–86–00B–0036 to the GSA location listed for the bid opening and was there handed a copy of amendment No. 7, postponing the solicitation indefinitely.

Mr. Hipple then did not consider it to be prudent to leave plaintiff's bid with GSA and he chose not to hand in the bid at that time.

On October 14, 1986, GSA issued amendment No. 8 to solicitation GS–003–86–00B–0036. In relevant part, this amendment stated that "[t]he bid opening date is extended to October 27, 1986, at 2:30 P.M. local Philadelphia time." The GSA personnel responsible for preparation and mailing this amendment have submitted affidavits detailing the procedure used. Essentially, after its preparation, copies were addressed to all 120 concerns on the prospective bidders list and taken on a mail cart to the loading dock at the GSA regional office building in Philadelphia where, in the normal course of events, the cart would be collected by a United States Postal Service worker who would empty the cart into a Postal Service truck.

Plaintiff did not receive amendment No. 8 and, lacking knowledge that a bid opening had been scheduled, did not attend the event on October 27, 1986. Only one firm who bid, Supreme Services, Baltimore, Maryland, did attend the October 27, 1986 bid opening. Six bids were opened by GSA at this time. The GSA form for recording the receipt of bids shows that of the six bids, one was received on August 29, 1986, two were received on October 6, 1986, two were received on October 7, 1986, and one (Supreme Services) was received on October 27, 1986.

On October 28, 1986, Mr. Hipple contacted the appropriate GSA officials to inquire as to the bid opening date and was informed that it had occurred the previous day. Mr. Hipple contacted several other bidders on the prospective bidders list and ascertained that they also had not received amendment No. 8.

On November 24, 1986, the GSA contracting officer on solicitation GS–003–86–00B–0036 signed a "price reasonableness determination" analyzing the bids and concluded that the price bid by Supreme "is considered fair and reasonable in view of the above and based on maximum practicable competition (six bids were received as indicated above)." An award to Supreme Services was proposed.

Suit was commenced in this matter on November 25, 1986 to enjoin an award under solicitation GS–003–86–00B–0036. However, very shortly after suit was filed, an award was transmitted on November 25, 1986 by GSA to Supreme Services. At the oral argument on December 17, 1986, it was recognized that the relief plaintiff now seeks is cancellation of the award and resolicitation by GSA as soon as is practical thereafter.

Supreme Services has had notice of this proceeding, but has not sought to intervene as a party.

*Discussion*

The undisputed facts in this matter are sufficiently similar to those involved in *United States v. The Thorson Company*, 806 F.2d 1061 (Fed.Cir.1986), such as to present a substantial question concerning compliance by GSA with the "full and open competition" requirement of the Competition Act, 10 U.S.C. § 2302(3), 41 U.S.C. § 403(7) (Supp. III 1985). The GSA bid register showing that only one bid was submitted on the October 27, 1986 opening date, whereas the other five bids had been previously submitted on prior (postponed) dates, should have served to alert the contracting officer to investigate why additional October 27, 1986 bids were not obtained. This is particularly true when no bid from

the incumbent contractor was received despite the fact that GSA was aware that this contractor intended to bid and had actually attended the prior bid opening date on this solicitation. Minimal investigation would have disclosed an apparent serious mailing problem with respect to amendment No. 8.

However, before the merits as to this matter can be reached, defendant's jurisdictional argument must be considered. Defendant's dispositive motion is premised upon the undisputed fact that plaintiff did not submit a bid in response to the solicitation involved.

■■■ Pre-award contract claim jurisdiction in the Claims Court depends upon the existence of an implied-in-fact contract requiring fair and honest consideration of responsive bids solicited by the government. *United States v. Grimberg Co.*, 702 F.2d 1362, 1367 (Fed.Cir.1983). The subject matter jurisdiction over a claim alleging breach of an implied contract to consider a responsive bid fairly and honestly rests on 28 U.S.C. § 1491(a)(1). In 28 U.S.C. § 1491(a)(3) the Claims Court was provided a grant of additional power to provide equitable remedies in such pre-award contract claim matters. *United States v. Grimberg Co., supra; National Forge Co. v. United States*, 779 F.2d 665, 668 (Fed.Cir.1985) (concurring opinion). This implied contract concept had its genesis in *Heyer Products Co. v. United States*, 135 Ct.Cl. 63, 69, 140 F.Supp. 409, 414 (1956), where the court ruled that "[i]t was an implied condition of the request for offers that each of them would be honestly considered, and that that offer which in the honest opinion of the Contracting Officer was most advantageous to the Government would be accepted."

Defendant asserts that the implied-in-fact contract to consider fairly and honestly a responsive bid comes into existence with the submission of the bid. The government's solicitation is accepted by submission of a responsive bid so as to create the implied contract of fair and honest consideration. Plaintiff urges that the implied contract of fair and honest consideration can exist at some point prior to actual bid submittal, depending upon the facts of each case.

In reviewing the many cases decided since *Heyer Products Co. v. United States, supra*, premised upon this implied contract concept, one must conclude that a common element is the submission of a bid, or equivalent material, claimed not to have been fairly or honestly considered after its submission to the government. Even in the cases where total cancellation of the procurement has been the contested action, there has been a bid, or equivalent material, submitted for consideration prior to the agency action. *See Robert F. Simmons & Assocs. v. United States*, 175 Ct.Cl. 510, 360 F.2d 962 (1966); *National Forge Co. v. United States*, 779 F.2d 665 (Fed.Cir.1985).

Where the agency action contested has been some matter collateral to the actual bid solicitation process, such as suspension or debarment relating to a concern's right to contract with the government, a *prior* bid submittal has been held to be crucial to Claims Court pre-award contract claim jurisdiction. *See Electro-Methods, Inc. v. United States*, 728 F.2d 1471 (Fed.Cir. 1984); *ATL, Inc. v. United States*, 735 F.2d 1343 (Fed.Cir.1984); *ATL, Inc. v. United States*, 736 F.2d 677 (Fed.Cir.1984).

Plaintiff cites cases such as *Standard Manufacturing Co. v. United States*, 7 Cl.Ct. 54 (1984), in support of the concept that an implied-in-fact bid consideration contract can exist prior to bid submittal. However, this case does not support the result sought as, in *Standard*, there was a response submitted (roughly equivalent to a bid or proposal) to the particular government solicitation such as to result in what was ruled to be a contract of fair and honest consideration for the material so prepared and submitted.

■■■ It is concluded that it would constitute an unwarranted and unwise extension of Claims Court pre-award contract claim jurisdiction if the implied contract of fair and honest bid consideration were to be held to come into existence at some point

prior to actual bid submission as governed by applicable regulations. *See* FAR 14.-301–14.304–4. Almost by definition, such a contract requires that there be a submitted bid, offer, or proposal for the government to consider fairly and honestly. To extend implied-in-fact pre-award contract formation to some point prior to bid submission would result in the necessity, in each case, to resolve at what point, if any, in the bid process a "contract" requiring fair and honest consideration has been formed. Moreover, since this court's jurisdiction depends upon the existence of such an implied contract, counsel would be hard pressed to advise a nonbidding client, with a need for prompt action, whether suit should be filed in the Claims Court or whether a district court action under 28 U.S.C. § 1331 would be the course of action to take. Failing to establish the existence of a contract in a Claims Court action would result in the need to file suit in still another tribunal in order to obtain relief. This would constitute an inefficient expenditure of time, money and effort for all concerned. Extending the implied contract to cover a bid not submitted would also present opportunities for controversy concerning the identity of the bid intended to be submitted and, once identified, in determining whether it would have been responsive and in the zone of reasonable consideration such as to provide standing. *See Caddell Const. Co. v. United States,* 9 Cl.Ct. 610 (1986).

Thus, while plaintiff in this matter has presented a claim, particularly as to GSA compliance with the above cited Competition Act, on which a district court could assume jurisdiction under 28 U.S.C. § 1331, the Claims Court has been given no such authority. As a non-bidder, plaintiff has not accepted the government's solicitation offer such as to create an implied contract of fair and honest bid consideration. Plaintiff's bidding policy resulted in a decision not to hand in a bid and, in this circumstance, no implied contract of fair and honest consideration exists on which Claims Court jurisdiction can be based.

*Conclusion*

In the above circumstances, as it has been established by undisputed facts that plaintiff does not have a contract with the United States meeting the requirements of 28 U.S.C. § 1491(a)(1), the court lacks jurisdiction over its pleaded claim. It is thus ORDERED that final judgment be entered dismissing plaintiff's complaint without prejudice, with no costs to be assessed.