**David L. HOWARD, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–321C.**

United States Claims Court.

Sept. 26, 1990.

David L. Howard, Gary, Ind., pro se.

Julie A. Helitzer, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of jurisdiction and its opposition to plaintiff's motion for corrective order and declaratory judgment. Plaintiff, appearing *pro se*, challenges the award of a contract by the National Aeronautics and Space Administration to another bidder, and asserts other claims. Plaintiff apparently seeks award of the contract, bidding costs, recompense for takings without just compensation, and related expenses, fees and costs.

## FACTS

At the outset, the court notes that plaintiff's claims are drafted very poorly; they are repetitive, confusing and, in a few instances, highly improbable. Nevertheless, the court will address the issues raised.

On October 30, 1987 NASA's History Office issued an invitation for proposals for a "Documentary History of the Space Age." The deadline for proposals was August 1, 1988. Plaintiff mailed his proposal to NASA on August 1, 1988. NASA did not receive plaintiff's proposal until August 3, 1988, and declined to consider it because it was untimely. Plaintiff subsequently asked NASA to declare his proposal timely, or to reissue the request for proposals. The contracting officer refused both requests. Plaintiff appealed the contracting officer's "decision" to the NASA Board of Contract Appeals. The Board dismissed the appeal with prejudice for lack of jurisdiction after giving plaintiff an opportunity to elaborate upon his claim to show the existence of a contract or a contract im-

plied-in-fact, which plaintiff could not do. NASA made a contract award to another bidder on May 11, 1989. Plaintiff filed this complaint on April 12, 1990, a month after award.

Plaintiff also claims a taking of his personal "property" by agents of NASA "who impede, intrude upon, block, or otherwise harass [plaintiff's] attempts to market employment skills" and who "flagrantly, maliciously and loudly fly commercial and smaller aircraft at low altitudes constituting a nuisance, and "cause aircraft contrails that resemble rocket launches.'" All of this activity allegedly occurred from 1973, to present, in Washington, D.C.; Cambridge, Massachusetts; Chicago, Illinois; and Gary, Indiana. Plaintiff's taking claim further involves the "launch of aerospace technologies such as satellites, or communications or sensing devices, which technologies cause or enabled: (a) the public or private viewing or other perceiving of [plaintiff's] body or person inside and outside of public and private residences, buildings, automobiles, or other vehicles or means of transportation including common carriers, [and] (b) the public or private hearing (auditory) or other perceiving of [plaintiff's] voice or speech" in the same time frame and places listed above. As the result of "laying [his] property bare to NASA and other public uses, NASA" caused plaintiff to be "wrongfully propertyless, impecunious, dispossessed, and homeless."

## DISCUSSION

■ Defendant asks for dismissal of the complaint for failure to state a claim upon which relief can be granted. Dismissal under RUSCC 12(b)(4) is appropriate where none of the alleged facts would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); *Chavez v. United States*, 15 Cl.Ct. 353, 356 (1988). For purposes of a motion to dismiss for lack of subject matter juris-

diction pursuant to RUSCC 12(b)(1), the court must accept as true any allegations of fact made by plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Darden v. United States*, 18 Cl.Ct. 855, 856 (1989); and the burden is on plaintiff to establish jurisdiction, *Metzger, Shadyac & Schwartz v. United States*, 10 Cl.Ct. 107, 109 (1986). This court is obligated to address its subject matter jurisdiction, even if it must do so *sua sponte*. *Arctic Corner, Inc. v. United States*, 845 F.2d 999 (Fed.Cir.1988).

■ The Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), forms the basis of the court's jurisdiction over plaintiff's claim. That Act does not create any substantive enforceable right for the payment of money, but rather is a waiver of sovereign immunity for specified claims. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). A money claim cognizable in this court must be predicated upon a constitutional provision, statute, or executive regulation mandating the payment of money, or an express or implied-in-fact contract.

### The Contract Claim

■ The apparent thrust of plaintiff's complaint asks the court to cancel the present contract and award it to him, or assess damages for failure to award the contract to him. This, the court cannot do. Plaintiff unquestionably had no express contract with defendant. Under the proper circumstances, however, plaintiff could receive relief for an improper award to a competitor if he could show a breach of the contract implied-in-fact between all responsive bidders and the government that the government will consider bids fairly and honestly.[1] This implied-in-fact contract is not encompassed by the Contract Disputes Act, 41 U.S.C. § 601 *et seq.*, but is a court-made rule. *Keco Indus., Inc. v. United States*, 428 F.2d 1233, 1237–38, 192 Ct.Cl.

---

1. 28 U.S.C. § 1491(a)(3) (1982), provides that "[t]o afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief." This is the only equitable authority that the court may exercise.

773, 778 (1970); *Heyer Prods. Co. v. United States*, 140 F.Supp. 409, 413–14, 135 Ct.Cl. 63, 68–69 (1956); *Monchamp Corp. v. United States*, 19 Cl.Ct. 797, 799 (1990); *Scanwell Laboratories, Inc. v. Shaffer*, 424 F.2d 859, 868–69 (D.C.Cir.1970).

Before the court can address the issue of "fair and honest" consideration of a bid or proposal, it must find that the underlying contract implied-in-fact existed. A contract implied-in-fact requires the presence of all of the elements of an express contract, *i.e.,* a proper offer to contract and an acceptance. *Omega World Travel Inc. v. United States*, 9 Cl.Ct. 623, 627 (1986). NASA received plaintiff's proposal after the closing date for receipt of proposals, and none of the possible exceptions to that deadline apply. The proposal, therefore, was non-responsive to the invitation. As such, it did not constitute a valid offer to contract that NASA could accept, even if it so desired. Accordingly, plaintiff was not a party to, and cannot now be permitted to make a claim against the government under a contract theory.

Moreover, plaintiff's "contract" claim, regardless of how it is expressed, is a bid protest over which this court would have jurisdiction only if plaintiff filed his complaint prior to award. 28 U.S.C. § 1491(a)(3) (1982); *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1372 (Fed. Cir.1983) (*en banc*). The court held in *Grimberg:*

> Because the statute and its legislative history leave no doubt that Congress intended the equitable process of the Claims Court to be exercised only before an award is made, that power can be invoked only by filing a claim with the court before a contract is awarded....

702 F.2d at 1372. The fact that plaintiff did not file his complaint until almost a year after defendant awarded the contract to another bidder forecloses any bid protest claim plaintiff might have had in this court.

Because plaintiff had neither an express contract nor a contract implied-in-fact with defendant, he had no basis for access to the NASA Board of Contract Appeals. The claim plaintiff placed before the Board clearly was a bid protest over which the NASA Board of Contract Appeals has no jurisdiction. *See Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed.Cir.1983); *Arthur Curtis*, GSBCA No. 8867, 87–1 BCA ¶ BCA 19,632 (1987). (No Board of Contract Appeals except the GSBCA has jurisdiction to consider bid protests, and its jurisdiction specifically is limited to protests against the award of contracts for automated data processing equipment.) Similarly, this court has no jurisdiction to review the decisions of Boards of Contract Appeals. That authority lies exclusively in the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(10) (1982). This court is a court of specific jurisdiction and in the absence of congressional consent to adjudicate a claim against the United States, it lacks authority to grant relief. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941).

### Taking Claims

In order to succeed in a claim for taking under the just compensation clause of the Fifth Amendment to the Constitution, plaintiff must show that he was the owner of property and that the United States took the property for a public purpose. *Shanghai Power Co. v. United States*, 4 Cl.Ct. 237, 240 (1983). The court must make this determination on the basis of the particular facts of each case. *See United States v. Central Eureka Mining Co.*, 357 U.S. 155, 168, 78 S.Ct. 1097, 1104, 2 L.Ed.2d 1228 (1958). Not all economic interests are property rights. Only those economic advantages that "have the law [in] back of them" are property rights, and only when they are recognized as such "may courts compel [the government] to forebear from interfering with them or to compensate for their invasion." *United States v. Willow River Power Co.*, 324 U.S. 499, 502, 65 S.Ct. 761, 764, 89 L.Ed. 1101 (1945). Plaintiff's complaint fails to identify what property NASA allegedly took. It is only in a later document, plaintiff's

request for admissions, that he states any degree of specificity. As it understands the request for admissions, the court best can describe the "property" taken as falling under an umbrella of invasion of privacy and tortious interference; *i.e.*, NASA harassed him, watched his person, and listened to his private conversations continuously over the past seventeen years and, by unexplained actions, was to blame for his lack of gainful employment.

██ In addition to failing to identify what "property" the government unconstitutionally took, plaintiff also fails to explain how or why the government took the "property," or that it was taken for a public purpose. Not all rights granted by the Constitution or the laws of the United States are money mandating property rights that would support jurisdiction of this court. *Adams v. United States*, 20 Cl.Ct. 132, 135 (1990). For example, a remedy for the denial of due process, in the proper circumstances, can be granted by other courts, but not this court. Due process claims are not actionable in this court because the right to due process is not money-mandating. *Carruth v. United States*, 627 F.2d 1068, 224 Ct.Cl. 422 (1980) (Court of Claims has no jurisdiction over due process claims because these Constitutional provisions do not obligate the Federal Government to pay money damages). Plaintiff's claims of harassment and nuisance likewise are not actionable here.

██ ▪ Plaintiff's takings claims also are disallowed as claims sounding in tort. The Tucker Act expressly excludes tort claims from Claims Court jurisdiction. 28 U.S.C. § 1491(a)(1) (1982); *Edwards v. United States*, 19 Cl.Ct. 663, 669 (1990). Even though the complaint is devoid of any description of the property taken, which in and of itself is grounds for dismissal, the information available to the court describes the "property" taken as plaintiff's privacy, peace of mind, and ability to secure gainful employment. If proven, these might constitute criminal acts, or at the least torts, but in any event are not cognizable by this court.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted. Plaintiff's complaint, amendments thereto, motions for corrective order, motion for declaratory judgment, and all other procedural motions are dismissed. Costs.

IT IS SO ORDERED.