**Michael B. BLACKWELL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 90–3890C.

United States Claims Court.

Aug. 23, 1991.

Michael H. Sneed, Nashville, Tenn., for plaintiff.

Lisa B. Donis, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. Deborah D. Wellborn, Regional Counsel, Dept. of Housing and Urban Development, Atlanta, Ga., of counsel.

## OPINION

MARGOLIS, Judge.

This government contract case comes before the court on defendant's motion to dismiss for lack of jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted. A newspaper advertisement mistakenly stated the wrong deadline for the bid opening on property offered for sale by the government, which the plaintiff was interested in purchasing. The government informed plaintiff's agent of the mistake on the morning of the day of the 4:15 PM bid opening. The plaintiff's bid was submitted at 4:18 PM, three minutes after the deadline. The government refused to consider the plaintiff's bid and sold the land to other bidders. The plaintiff filed suit in the district court, but the action was subsequently transferred to this

court. The plaintiff seeks a temporary injunction to enjoin the sale of the property, specific performance of the bid process and consideration of plaintiff's bid, bid preparation costs, set aside of the sale of the property, and attorney fees and costs. After careful consideration and after hearing oral argument, this court grants in part and denies in part the defendant's motion to dismiss.

## FACTS

Michael B. Blackwell, the plaintiff in this case, is a resident of New Jersey who attempted to purchase property in Tennessee offered for sale by the United States Department of Housing and Urban Development ("HUD").

The Nashville, Tennessee office of HUD offered property for public sale, identified as 4332–34 Hydes Ferry Pike. The property was offered to the public for sale by means of open bidding. On Sunday, June 24, 1990, the property was advertised for sale in the *Tennessean* newspaper. The advertisement stated that bids would be accepted until July 3 at 4:15 PM. Another advertisement ran in the Sunday edition of the *Tennessean* on July 1, except this time the bid closing date was listed, by mistake, as July 4, 1990, a federal holiday.

On the morning of July 3, 1990, HUD informed George Willis, a local realtor who was the agent of Blackwell, that the deadline in the Sunday *Tennessean* was incorrect and that the proper deadline was July 3 at 4:15 PM. *See Michael B. Blackwell v. Department of Housing and Urban Development,* No. 3–90–0619, 1 n. 1

(M.D.Tenn. July 24, 1990) (Memorandum Decision) (Higgins, J.). Blackwell submitted his sealed bid on July 3, 1990 at 4:18 PM. HUD did not consider Blackwell's bid because it was submitted after the 4:15 PM deadline. The property was sold to the high bidders on August 16, 1990.

On July 13, 1990, Blackwell filed a complaint in the United States District Court for the Middle District of Tennessee seeking a temporary injunction to enjoin HUD from selling the property to the high bidders. After an oral hearing, the court dismissed Blackwell's complaint for lack of jurisdiction on July 24, 1990 and informed him that the United States Claims Court had exclusive jurisdiction to entertain his claim under 28 U.S.C. § 1491(a)(3) (1988).[1] *See Michael B. Blackwell v. Department of Housing and Urban Development,* No. 3–90–0619, 4 (M.D.Tenn. July 24, 1990) (Memorandum Decision) (Higgins, J.).

Blackwell filed a motion to alter or amend judgment in the district court on July 26, 1990. The district court, however, transferred Blackwell's case to the Claims Court where it was filed on October 29, 1990, presumably pursuant to 28 U.S.C. § 1631.[2] Blackwell did not, as required by RUSCC 84, file a complaint in the Claims Court. On November 29, 1990, the Claims Court ordered Blackwell to file a complaint within 15 days of the order. Blackwell filed a complaint in this court on December 17, 1990.

## DISCUSSION

The government argues that plaintiff's complaint should be dismissed because this

---

**1.** The cited provision conferred upon the Claims Court equitable jurisdiction not possessed by our predecessor, the United States Court of Claims. *See Willow Beach Resort, Inc. v. United States,* 5 Cl.Ct. 241, 243 (1984). It reads:

(3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

28 U.S.C. § 1491(a)(3).

**2.** This provision reads:

Whenever a civil action is filed in a court as defined on section 610 of this title ... is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it has been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it was transferred.

28 U.S.C. § 1631.

court is without jurisdiction to enjoin the awarding of a contract after award, the court may not grant claims for specific performance, plaintiff allegedly has not complied with the rules of the court for filing a preliminary injunction, plaintiff does not have standing to sue, the claim for injunctive relief is barred by the doctrine of laches, and plaintiff failed to join the purchaser of the property as an indispensable party. Plaintiff maintains that this court has jurisdiction over its complaint on the grounds that the Tucker Act provides the Claims Court with the power to grant injunctive relief, the complaint was filed before the contract was awarded because the date of filing in the Claims Court is the date of filing in the district court, and (even if the court does not have jurisdiction over the claims for equitable relief) the Claims Court has jurisdiction over plaintiff's requests for alternative forms of relief.

*Jurisdiction*

█ The government asserts that this court is without jurisdiction to enjoin the awarding of a contract after award and therefore the complaint should be dismissed. The Tucker Act, as amended, provides the Claims Court with equitable jurisdiction "[t]o afford complete relief on any contract claim brought *before* the contract is awarded ..." 28 U.S.C. § 1491(a)(3) (emphasis added). This court is without jurisdiction over a claim filed after the contract is awarded. *United States v. John C. Grimberg Co., Inc.*, 702 F.2d 1362, 1374 (Fed.Cir.1983). Our case was originally filed in district court on July 13, 1990, was transferred to this court, and "shall proceed as if it has been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it was transferred." 28 U.S.C. § 1631. The case proceeds here as though it had been filed in this court on July 13, 1990, which was one month before the contract was awarded on August 16, 1990. *See F. Alderete General Contractor, Inc. v. United States*, 715 F.2d 1476, 1479–80 (Fed.Cir.1983); *Willow Beach Resort, Inc.*, 5 Cl.Ct. at 243–44. Therefore, the complaint is not susceptible

to the jurisdictional defect alleged by the government.

*Standing*

█ Alternatively, the government maintains that the plaintiff does not have standing to protest the award of the contract to another bidder. This court's jurisdiction over Blackwell's bid protest depends upon the existence of an implied-in-fact contract to consider Blackwell's bid fairly and honestly. *Olympia USA, Inc. v. United States*, 6 Cl.Ct. 550, 552 (1984) (citing *CACI, Inc.–Federal v. United States*, 719 F.2d 1567, 1573 (Fed.Cir.1983)). Whether the bidder is seeking an injunction or bid preparations costs, or both as in our case, the bidder must show that the bid was responsive and within the zone of active consideration, and that there is a substantial chance that it would receive the award. *See CACI, Inc.–Federal*, 719 F.2d at 1574–75; *Caddell Construction Co., Inc. v. United States*, 9 Cl.Ct. 610, 612–13 (1986). According to the government, Blackwell's bid was neither responsive nor within the zone of active consideration because the bid was submitted after the deadline. *See Howard v. United States*, 21 Cl.Ct. 475, 478 (1990) (holding that the court lacked jurisdiction over contractor's bid protest because bid was untimely, none of the possible exceptions to the deadline applied, and therefore there was no offer and no implied-in-fact contract existed).

The conclusion that Blackwell has no standing to protest the contract award would ignore a crucial distinction between our case and other cases where the bids were found to be unresponsive. In our case, it is arguably HUD's fault that Blackwell's bid was late. HUD's advertisement stated that the bid opening was on July 4, not July 3. The government in its reply brief seems to acknowledge that there is an issue in this case as to whether HUD's decision to refuse Blackwell's untimely bid was arbitrary and capricious, requiring Blackwell to show either that there was no reasonable basis for the administrative decision, or that the decision involved clear and prejudicial violation of statutes or regulations. *See Olympia USA*, 6 Cl.Ct. at

554 (citing *Keco Industries, Inc. v. United States*, 203 Ct.Cl. 566, 574, 492 F.2d 1200, 1203 (1974)). The government seems to be confusing the requirement that Blackwell prove he is entitled to injunctive relief and bid preparation costs because of the government's failure to fairly and honestly consider his bid, which is a heavy burden, with the more liberal requirement to establish standing, which requires Blackwell to show that he had a substantial chance of award. *See Vulcan Engineering Co. v. United States*, 16 Cl.Ct. 84, 88–89 (1988). However, the government also tacitly concedes that there is an issue in this case as to the propriety of HUD's refusal to consider Blackwell's bid.

The evidence as to when Blackwell was informed that the deadline was incorrect, how long he had to respond, and other matters central to whether HUD should have found Blackwell's bid untimely is sketchy at best. The parties have not briefed whether HUD regulations provide any exceptions for failure to submit a timely bid which might be applicable to our case. *See Howard*, 21 Cl.Ct. at 478. Moreover, Blackwell submitted a higher bid than the bidders that were awarded the contract, indicating that Blackwell had a substantial chance of award. Therefore, on the present record, and at this stage in the proceedings, this court will not dismiss Blackwell's complaint.

*Injunctive Relief*

■ In his complaint, Blackwell requests "a temporary injunction to enjoin the sale of [the] property ..." The government argues that in seeking injunctive relief the plaintiff has not complied with the rules of the court, that plaintiff's claim for injunctive relief is barred by the doctrine of laches, and the plaintiff failed to join the purchaser of the property as an indispensable party. The plaintiff has not complied with the rules for seeking for a preliminary injunction, which requires that the complaint contain an application for a temporary restraining order and/or preliminary injunction. *See* RUSCC 65(f). Along with this application, the plaintiff was required to file a proposed order, affidavits, supporting memoranda, and other documents upon which he was to rely. *Id.* Additionally, if he knew the names and address of the successful bidders, he has not notified them of the filing of an application for a preliminary injunction. *See* RUSCC 65(f)(2). The case was transferred to this court and filed on October 29, 1990. Plaintiff filed his complaint, after he was ordered to do so, in this court on December 17, 1990. He has had sufficient time to comply with the requirements of Rule 65 and to this day has failed to comply. Therefore, this court dismisses the portion of the plaintiff's complaint requesting injunctive relief. *Cf. Dyn Logistics Services, Inc. v. United States*, 6 Cl.Ct. 353, 361–62 (1984) (dismissing complaint where application for TRO falsely purported to comply with RUSCC 65(f)(2)).

*Specific Performance*

■ In his complaint, Blackwell requests "this court to order the defendant to specifically perform the bid process and consider plaintiff's bid as an offer to purchase said real property." The Claims Court does not have jurisdiction over claims for specific performance. *See United States v. King*, 395 U.S. 1, 3–4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). "Like its predecessor the Court of Claims, the Claims Court has no jurisdiction over equitable matters such as specific performance." *Edwards v. United States*, 19 Cl.Ct. 663, 668 n. 5 (1990). This court does not have jurisdiction over this request for relief, and therefore this court dismisses the portion of the plaintiff's complaint requesting specific performance.

## CONCLUSION

This court has jurisdiction over the plaintiff's complaint, and the plaintiff has standing to sue. The plaintiff has failed to comply with the rules of this court for applying for injunctive relief, and accordingly the court dismisses the portion of the plaintiff's complaint requesting a preliminary injunction. This court does not have jurisdiction over the request for specific performance, and accordingly the court dis-

misses the portion of the plaintiff's complaint requesting specific performance. The defendant's motion to dismiss is granted in part and denied in part.