960 F.2d 157
 37 Cont.Cas.Fed. (CCH) P 76,296
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COMPLIANCE CORPORATION, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5048.
 United States Court of Appeals, Federal Circuit.
 March 26, 1992.
 
 Before NIES, Chief Judge, MICHEL and LOURIE, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Compliance Corporation appeals from the December 12, 1990, decision of the United States Claims Court, No. 90-3896C, granting summary judgment to the United States and dismissing Compliance's complaint under the Competition in Contracting Act of 1984 (CICA), Public Law 98-369 (partly codified at 10 U.S.C. §§ 2301-2305 (1988)). The Claims Court found an appearance of impropriety affecting the integrity of the procurement process which provided a reasonable basis for the contracting officer's decision to disqualify Compliance from bidding, and a rational basis for the decision of the General Accounting Office (GAO) upholding the disqualification. We affirm.
 
 DISCUSSION
 
 2
 Although the agency awarded the contract after the Claims Court's decision, this appeal is not moot. See F. Alderete General Contractors, Inc. v. United States, 715 F.2d 1476, 1481 (Fed.Cir.1983) (awarding of contract after filing of complaint does not in itself defeat jurisdiction that has properly vested in the Claims Court). The Claims Court can still fashion the requested equitable remedy.[1] Cf. Porter v. Lee, 328 U.S. 246, 251 (1946) (case not moot where court can restore status quo by injunction).
 
 
 3
 We review a grant of summary judgment by the Claims Court de novo. Turner v. United States, 901 F.2d 1093, 1095 (Fed.Cir.1990); Prineville Sawmill Co., Inc. v. United States, 859 F.2d 905, 911 (Fed.Cir.1988). Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. RUSCC 56(c).
 
 
 4
 To justify judicial intervention in the procurement process, a bid protester must demonstrate that the contracting officer's action was arbitrary or capricious. CACI, Inc.-Federal v. United States, 719 F.2d 1567, 1573 (Fed.Cir.1983). Moreover, where the GAO has denied a bid protest, the Claims Court may not act unless the GAO's decision lacks a rational basis. Honeywell, Inc. v. United States, 870 F.2d 644, 647 (Fed.Cir.1989).
 
 
 5
 As the parties have pointed to no material and genuine factual dispute, and we have seen none, our task in determining if the government is entitled to judgment as a matter of law is limited to deciding whether the contracting officer had a reasonable basis to disqualify Compliance from the bidding process, or the GAO had a rational basis for denying the bid protest.
 
 I.
 
 6
 Under Federal Acquisition Regulation (FAR) 1.602-2, a contracting officer is "allowed wide latitude to exercise business judgment" when "safeguarding the interests of the United States in its contractual relationships." 48 C.F.R. § 1.602-2 (1991). Specifically, the contracting officer may disqualify a bidder because of an appearance of improper conduct in order to preserve the integrity of the procurement system. NKF Engineering, Inc. v. United States, 805 F.2d 372, 377 (Fed.Cir.1986).
 
 
 7
 Compliance argues that any apparent impropriety must involve a governmental conflict of interest or a violation of statute or regulation that affects the integrity of the procurement process. Since neither appears here, and since the alleged misconduct directly involved only private parties, Compliance contends that there was no impropriety which could provide the contracting officer with a reasonable basis for disqualification.
 
 
 8
 Although it is ultimately the government that awards the contract, the integrity of the bidding process also implicates actions of individual bidders. If bidders do not compete fairly among themselves, even when their conduct neither involves governmental conflict of interest nor rises to the level of a statutory or regulatory violation, the government cannot overlook the impropriety, or it would not be promoting fairness and full and open competition as required by CICA. See 10 U.S.C. § 2301(b)(1). The integrity of the government's selection of the winning bid depends on the integrity of the submitted bids.
 
 
 9
 In the present case, the contracting officer disqualified Compliance based on the results of the Naval Investigative Service's (NIS) investigation into a competing contractor's allegations that Compliance had obtained or had attempted to obtain proprietary proposal information. A bidder who may have formulated its proposal using proprietary information from a competitor compromises the system of full, fair, and open competition. Whether Compliance was proven to have obtained proprietary information is not dispositive; all that is necessary to justify disqualification is an appearance of improper conduct. NKF, 805 F.2d at 377. The contracting officer's decision, based on review of the NIS report, was not arbitrary or unreasonable.
 
 II.
 
 10
 Compliance's reliance on numerous GAO decisions denying a bid protest forum to purely private disputes, appellant's br. at 15-16, is misplaced. First, GAO decisions are not binding on us. Second, no GAO (or Claims Court or Federal Circuit) decision holds that the type of conduct Compliance apparently engaged in cannot affect the integrity of the procurement process. Instead, the GAO has merely construed its bid protest jurisdiction as limited to review of government action. See 31 U.S.C. §§ 3553(a), 3551 (1988); Honeywell, 870 F.2d 647-48.
 
 
 11
 Here, the government has acted by its disqualification of Compliance, and it is this action which Compliance requested the GAO to review, arguing that the disqualification was unreasonable. See Joint Appendix at A29. Moreover, Compliance's own brief points to the fallacy of its argument. In its parenthetical describing the GAO decision in Radio TV Reports, Inc.--Request for Reconsideration, B-224173.2, Oct. 7, 1986, 86-2 CPD p 403, Compliance states, "where the procuring agency has not engaged in any conduct that is ... unreasonable ... the protest does not relate to the propriety of the procurement by the agency." Appellant's br. at 16 (emphasis in original). But throughout this dispute, Compliance's argument has been that the contracting officer's disqualification action was unreasonable. Thus, the GAO properly provided an adjudicative forum to review the action of the procuring agency, and given the record, its two decisions in support of the disqualification were not irrational. Moreover, Compliance voluntarily sought a bid protest review by the GAO and thus should not now be allowed to disown the resulting adverse decisions. Therefore, the Claims Court was correct in ruling that the contracting officer's decision to disqualify Compliance was reasonable. And we would be justified, in upholding the summary judgment, in considering either the GAO decisions or the Claims Court's finding.
 
 III.
 
 12
 Appellant argues, however, that to the extent an agency might otherwise lawfully disqualify a bidder absent a conflict of interest or a statutory or regulatory violation, there is an impermissible absence of standards for conduct of competing bidders. As we explained in NKF, whether the agency may disqualify a bidder based on an appearance of impropriety "would depend upon the circumstances in each case." 805 F.2d at 376. Appellant shows no legal defect in such an approach, but rather relies on general arguments about statutory policy. However, it would directly contravene the primary policy expressed in the CICA if we were to limit the contracting officer's power to promote fair and full competition and preserve the integrity of the procurement process as the appellant requests. We see no reason of law or policy to relieve competitors of the consequences of their misconduct during the bidding process. Moreover, the industry standard is clear enough that a bidder may not attempt to obtain proprietary proposal information from another bidder.
 
 IV.
 
 13
 Compliance also equates its disqualification with a "nonresponsibility" determination which the procuring agency must first refer to the Small Business Administration, a referral not made here. 48 C.F.R. § 19.602-1 (1991). Even if we agreed with the appellant that its integrity is drawn into question, the FAR does not make a nonresponsibility determination the exclusive basis for disqualification. The contracting officer may properly disqualify Compliance because its conduct jeopardized the integrity of the procurement process. See 48 C.F.R. § 1.602-2; NKF, 805 F.2d at 377. Therefore, doing so does not constitute a nonresponsibility determination as a matter of law.
 
 V.
 
 14
 Finally, Compliance complains that its procedural due process rights have been violated. FAR, Part 33, permitted Compliance to protest its disqualification directly to the contracting officer. 48 C.F.R. pt. 33 (1991). Compliance did not avail itself of this opportunity but instead filed a bid protest with the GAO, which has issued two adverse decisions. The appellant then litigated but lost on the merits in the Claims Court. Only after the Claims Court decision did the agency proceed with its procurement. More pre-award process was not due Compliance.
 
 
 
 [1]
 Appellant seeks an injunction forbidding the agency from exercising any options in the current contract and requiring it to permit Compliance to participate in the reprocurement. Appellant's br. at 32