960 F.2d 157
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Josefina T. GARCIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3508.
 United States Court of Appeals, Federal Circuit.
 March 31, 1992.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Josefina T. Garcia (Ms. Garcia) appeals from the April 25, 1991 initial decision of the Merit Systems Protection Board (Board), Docket No. SE08319110151, which became final on May 30, 1991, affirming a decision of the Office of Personnel Management (OPM) which held that petitioner was not entitled to a civil service retirement annuity. We affirm.
 
 OPINION
 
 2
 To support her claim of the requisite length of creditable federal service, Ms. Garcia submitted to OPM a document entitled "Service Record" which was issued on February 24, 1966 by the "Republic of the Philippines Government Service Insurance System." The document indicated that Ms. Garcia had been employed as a school teacher in the Philippines from June 6, 1927 to April 1, 1965. Ms. Garcia's service before November 15, 1935, the date upon which the Commonwealth of the Philippines was established, would be creditable for purposes of the CSRA if it was provided as an employee of the Insular Government of the Philippines. Federal Personnel Manual Supplement 831-1, Appendix C-4 (Rev. September 21, 1981).
 
 
 3
 Ms. Garcia's assertion that her teaching services were provided as an employee of the Insular Government is not adequately supported by the record. In addition, a search of the General Services Administration's National Personnel Records Center revealed no evidence of Ms. Garcia's claimed civilian federal service employment from June 6, 1927 to April 1, 1965. The burden to prove pre-November 15, 1935 employment by an entity of the Insular Government, as opposed to by a local, municipal or other entity, rests with Ms. Garcia. See Lindahl v. Office of Personnel Management, 776 F.2d 276, 278-80 (Fed.Cir.1985); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). See also 5 C.F.R. § 1201.56(a). Having failed to meet the burden of proof that she had accumulated the requisite creditable federal service, there is no basis upon which she can claim Civil Service annuity benefits.
 
 
 4
 This Court's scope of review of an MSPB decision is limited by statute. 5 U.S.C. § 7703(c). The MSPB decision must be affirmed unless it is arbitrary; capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See, Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Accordingly, we affirm.